Schwab v. Wilson.

F. L. SCHWAB, as *County Treasurer, etc.,* V. JAMES H. WILSON.

No. 14,439.     (84 Pac. 123.)

SYLLABUS BY THE COURT.

1. JURISDICTION—*Injunction—Another Action Pending.* Original proceedings in mandamus were begun in this court to compel appraisers of certain school-lands to appraise the land and improvements. While the action was pending and undetermined plaintiff began a suit in the district court to enjoin the county treasurer from selling the same land under other proceedings. *Held,* that the pendency of the mandamus proceedings in this court did not oust the district court of jurisdiction or prevent that court from granting a temporary injunction.

2. INJUNCTION—*Settler upon School-land—Sale of the Land.* One who settled upon school-lands with the intention of becoming the purchaser, and who has placed valuable improvements thereon, including a permanent dwelling, and occupies the land with his family as a home, has such an interest in the land, aside from that of the public generally, as will entitle him to maintain a suit to enjoin the county treasurer from selling the land.

Error from Rawlins district court; ABEL C. T. GEIGER, judge. Opinion filed January 6, 1906. Affirmed.

*D. O. Bye,* county attorney, *J. P. Noble,* and *T. M. Noble,* for plaintiff in error.

*Fred Robertson,* and *W. S. Langmade,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: James H. Wilson brought this suit to enjoin the plaintiff in error, as treasurer of Rawlins county, from selling the southeast quarter of section 36, township 2, range 31, as school-land. Wilson alleged that he settled upon the land June 11, 1904; that he complied with all the requirements of the law as a settler; that he had placed improvements upon the land to the value of $1000; and that he occupied it with his family as a home. He alleged also that the county treasurer had advertised and was about to sell the land as leased land, and that such sale would be in contravention of his rights. The district court granted a temporary injunction, and defendant brings the case to this court upon a transcript, alleging error in the ruling of the court denying his motion to vacate the temporary injunction.

The first contention is that the district court was without jurisdiction for the reason that, when the suit was begun, there were pending in this court original proceedings in mandamus involving the same controversy. It is urged that, this court having acquired jurisdiction of the subject-matter, the court below was powerless to entertain the suit or grant the injunction while the other proceedings here were undetermined. The mandamus proceedings in this court have been disposed of at this term. (*Wilson v. Winfrey, ante,* p. 468.) From an examination of that case it will appear that Wilson sought by mandamus to compel defendants in that proceeding to appraise this same school-land, together with his improvements. The appraisers, however, were appointed under different proceedings, begun for the purpose of having the land sold as leased lands, under section 6341 of the General Statutes of 1901, and the peremptory writ was denied. This suit is in no sense identical with that, except that the plaintiff is the same, and the land involved is the same. In that action plaintiff sought to compel appraisers to act.

In this suit he seeks to enjoin an official act—the sale by the county treasurer. There is nothing whatever in the contention that the district court was without jurisdiction.

It is seriously urged, however, that Wilson cannot maintain this suit because he has no interest in the land in controversy peculiar to himself and different from the interest of the public generally. When a man settles upon school-land with the intention of becoming the purchaser, and erects improvements thereon of the value of $1000, including a permanent dwelling, and occupies the land as a home for himself and a large family, and says it is the only home he has, and all he has in the world in the way of property, it would seem that he has such an interest in the land, aside from that enjoyed by the public generally, as will entitle him to maintain a suit to enjoin an officer from selling it.

The petition states a cause of action, the court below had jurisdiction, and, no abuse of discretion appearing in granting the injunction, there was no error in refusing to vacate it. The judgment is affirmed.

All the Justices concurring.