74    285
f75    49

74    285
e77    383
f77    846

</div>

A. C. BUSHEY V. C. E. HARDIN *et al., as County Commissioners, etc.*

No. 14,676.    (86 Pac. 146.)

SYLLABUS BY THE COURT.

1. SCHOOL-LAND — *Appointment of Appraisers — Consent of County Commissioners.* Under the provisions of section 6339 of the General Statutes of 1901, relating to the sale of school-land, it is the duty of the county commissioners of a county to give their consent to the appointment of appraisers made by the county superintendent of public instruction of that county in proper proceedings for the sale of school-land, when such appraisers are duly qualified and satisfactory.

2. ———— *Sale Subject to a Lease.* It is irregular and improper to inaugurate proceedings to sell school-land subject to an existing lease when the sale must occur after the lease has expired.

3. ———— *Sale at Expiration of Lease.* Whenever a lease upon school-land has expired proceedings to sell such land to actual settlers are proper.

4. MANDAMUS—*Res Judicata.* Where, upon a trial in the district court, a writ of mandamus has been denied, the judgment of that court will not bar a proceeding in this court for a like writ, founded upon an essentially different transaction, even though between the same parties.

Original proceeding in mandamus. Opinion filed July 6, 1906. Peremptory writ allowed.

### STATEMENT.

THIS is an original proceeding in mandamus to compel the defendants, who are the county commissioners of Thomas county, to consent to an appointment of appraisers of school-land made by the superintendent of public instruction of that county, as provided by section 6339 of the General Statutes of 1901. The facts are substantially as follow: On January 3, 1900, the land in controversy was vacant and subject to disposal under the law relating to school-land. On that date the county commissioners leased the land to C. E. Miller for the term of five years. The county treasurer and county superintendent of public instruction did not join or participate in making the lease, as the law provides. This irregularity in the execution of the lease was known to the non-participating officers and acquiesced in by them. The lessee, Miller, paid the amount of rent agreed upon for the full term to the county treasurer and took immediate possession of the land. He remained in the undisturbed possession of the land until October 23, 1904, when he assigned all of his rights under the lease to the plaintiff, who entered at once into the actual possession of the leased premises and has ever since continued in possession thereof. On December 8, 1904, proceedings were commenced to have this land sold as leased land, and the steps prescribed by law in such cases were properly taken. Notice of the sale was duly given. The date of the first publication was January 12, 1905.

The plaintiff, acting upon the theory that the lease under which he held the land was void because the

county treasurer and superintendent did not concur therein, made application on December 8, 1904, to purchase the land as an actual settler thereon, and received a certificate as provided by law. Proper legal proceedings were then taken to obtain a sale under this application, but when the superintendent of public instruction appointed the appraisers the county commissioners refused to consent thereto. Proceedings in mandamus were then commenced in the district court of Thomas county to compel such consent. An alternative writ was obtained, but it was quashed July 25, 1905, for the reason that the act sought to be enforced involved official discretion, which cannot be controlled by such a writ. An appeal was also taken from the action of the board of county commissioners to the district court, which was dismissed August 27, 1905.

On September 27, 1905, another effort was made by the plaintiff to become the purchaser of this land as an actual settler thereon, and due and regular proceedings were had for that purpose as prescribed by law. On October 3, 1905, the county superintendent of public instruction appointed three other appraisers, and the county commissioners again withheld their consent thereto. The reason given for refusing to concur in this appointment was that the land was already in process of being sold as leased land, under the proceedings in which notice of sale had been published January 12, 1905, as hereinbefore stated, and, therefore, it was not subject to sale to actual settlers.

This proceeding was commenced October 17, 1905, to compel the performance of this duty. The statutes, so far as material, are sections 6339 and 6341 of the General Statutes of 1901, which read:

"Whenever twenty householders of any organized township in which the land is situated shall petition the superintendent of public instruction of such county to expose to sale any portion or portions of said land, describing the same, he shall, by and with the consent of the county commissioners of his county, appoint in writing three disinterested householders, residing in

the county, . . . who . . . shall appraise . . . said land."

". . . The board of county commissioners, county treasurer and county superintendent of public instruction of the various counties in the state of Kansas are hereby empowered to enter into contracts and lease for any purpose all school-lands in their respective counties which are subject to lease under the provisions of this act. . . . When ten householders of any organized township in which the land is leased under the provisions of this act is situated shall petition the superintendent of public schools of such county to expose to sale any portion or portions of said land, describing the same, he shall notify the board of county commissioners of such petition having been received, and they shall cause notice of such petition to be published for three consecutive weeks in the official county paper, and after one year from the date of such first publication the land described in such petition shall be subject to appraisement and sale as hereinbefore provided for, and all such sales shall be subject to existing leases."

*Dempster Scott,* for plaintiff.

*C. C. Coleman,* attorney-general, *Arch L. Taylor,* county attorney, and *Asa M. Smith,* for defendants.

The opinion of the court was delivered by

GRAVES, J.: No adequate reason has been presented by the defendants for refusing to concur in the appointment of the appraisers designated by the superintendent of public instruction. The lease expired January 3, 1905, nearly nine months before this application was made to have the land sold to an actual settler. The law which provides for the sale of leased land clearly contemplates that such sales shall be made during the life of the lease, and "subject to existing leases." Such is the language of the statute. Notice of the sale of leased land must be published at least one year prior to the sale. It was not intended that notice of such sales should be given immediately before the expiration of a lease, and thereby withdraw the land from occupancy and sale to actual settlers for a year. Such a proceeding tends to subvert the policy of the state,

which has always been to encourage the sale of its land to actual settlers.

The plaintiff acquired possession of this land under a lease. He erected improvements thereon worth more than $1000. When the lease expired there was nothing to prevent a sale of the land to an actual settler. Public officers may not manipulate proceedings under the laws committed to them for administration so as to frustrate the purposes for which they were enacted. The law providing for the sale of school-land to actual settlers and the procedure for the sale of land which has been leased must be construed together, so that they will harmonize with each other and so that neither will prevent the other from accomplishing the objects for which it was designed. The sale of leased land should always occur during the life of the lease. When any lease expires the land may then be sold to actual settlers.

It is admitted that the appraisers appointed by the superintendent of public instruction are in all respects competent and unobjectionable. No question of official discretion, therefore, can arise. The whole case turns upon the proposition whether or not the land was then subject to sale to an actual settler. We think it was.

The proceedings in the district court and the appeal from the board of county commissioners, which are here plead in bar of this action, are unavailing. They lack the essential elements of *res judicata*. The original petition for the sale of the land, the appointment of the appraisers, the persons appointed, the act of the county commissioners in refusing to consent to the appointment, the condition of the land, and all the material considerations involved in the decision of those cases are essentially different here. It was clearly the duty of the defendants, upon their own answer and showing, to give their consent to the appointment in question. A peremptory writ is allowed.

All the Justices concurring.