W. J. DAVIES, as County Treasurer, etc., v. R. H. BENEDICT.

No. 14,813   (88 Pac. 536.)

SYLLABUS BY THE COURT.

1. SCHOOL-LANDS—Abandonment by Lessee—Entry by a Settler before the Lease Expired. When school-land has been leased for a term of years under section 6341 of the General Statutes of 1901, and the lessee is long in arrears for rent and has abandoned the land, although no steps have been taken to forfeit the lease a settler who enters upon the land the day before the lease expires by its terms is not a trespasser as against the state, and can acquire the rights of a settler when his occupancy continues without interruption and he makes valuable and lasting improvements with the intention of purchasing the land as a settler.

2. ———— Sale as Leased Land after Expiration of Lease—Injunction. Where school-land is leased for a term of years and the lease has expired injunction will lie at the suit of· one claiming rights on the land as a settler to enjoin the county treasurer from selling the same as leased lands.

Error from Ford district court; EDWARD H. MADISON, judge. Opinion filed January 5, 1907. Affirmed.

C. C. Coleman, attorney-general, and John S. Dawson, assistant attorney-general, for plaintiff in error; Sutton & Scates, of counsel.

F. Dumont Smith, for defendant in error.

The opinion of the court was delivered by

PORTER, J.: Plaintiff in error is treasurer of Ford county. In a suit brought by defendant in error the district court granted an injunction restraining the

treasurer from proceeding to sell certain school-lands. The correctness of the judgment granting the injunction is the only question for review.

The facts are stipulated, from which it appears that the land is a quarter-section of school-land which in January, 1900, was leased for a period of five years, under the provisions of section 6341 of the General Statutes of 1901. The lease by its terms expired January 1, 1905. In December, 1903, while it was still in force, a petition signed by more than ten householders was presented to the county superintendent asking that the land be exposed for sale as leased school-land, under a separate provision of section 6341, above referred to. The petition in regular course came before the board of county commissioners, and, on January 9, 1904, was by that board approved, and the notice of the petition provided for in section 6341 was published for three weeks. On January 3, 1905, appraisers were appointed, who in due time made their report. Plaintiff in error, county treasurer, then advertised the land for sale, but before the day of the sale, which was May 19, 1905, this suit was brought by Benedict, who claimed to have made settlement upon the land.

A point is made by plaintiff in error that Benedict entered upon the land at a time when it was not open to settlement. According to his declaratory statement, filed within ten days after settlement, he took possession of the land on December 31, 1904, while the lease did not expire by its terms until the next day. The lessee was not in possession, had not paid any of the annual rent for about two years, and although no steps had been taken to forfeit the lease under the provisions of the statute there was what amounted to a practical abandonment of the premises by him. At all events, whether Benedict was a trespasser or not, the state is not in position to take advantage of the fact so long as the lessee made no objection. The state had parted with its right to the possession until the lease expired, which was on the following day.

The rights which Benedict claimed when the suit was brought did not rest wholly upon what he did December 31, but upon his continued occupancy, and the placing of valuable improvements upon the land, coupled with the intention to make thereon his home. He was not a trespasser when his declaratory statement was made nor when the suit was begun. The principle that "he who seeks equity must do equity" has no application to the facts.

The principal contention, however, of plaintiff in error is that the land was not open to settlement at all after the machinery of the law had been set in motion for the purpose of selling it as leased land. It is urged that after the state has incurred the expense of having the land appraised and the sale advertised the beginning of the proceedings to sell it as leased land removes it from settlement and prevents a settler from obtaining the right to purchase.

The cases of *Schwab v. Wilson*, 72 Kan. 617, 84 Pac. 123, and *Bushey v. Hardin*, 74 Kan. 285, 86 Pac. 146, are decisive, and settle this contention adversely to plaintiff in error. In *Schwab v. Wilson* it was held that the statute providing for the sale of school-land as leased land only applies to a case where the sale is to take place while the lease is in existence. The statute provides that the sale shall be made "subject to existing leases." (Gen. Stat. 1901, § 6341.) In *Bushey v. Hardin*, which was a case similar to this, the lease expired January 3, 1905. The lessee abandoned his lease in December, 1904, and made a settlement upon the land, or attempted to do so. The same day a petition was presented praying for the sale of the land as leased land. The first publication of the notice of the petition was made January 12, 1905. The law expressly provides that the sale of leased land shall not take place until one year after the publication. It was held that "it is irregular and improper to inaugurate proceedings to sell school-land subject to an

4—75 KAN.

existing lease when the sale must occur after the lease has expired." (Syllabus.) This leaves nothing further to be said.

The judgment is affirmed.