D. C. NATION et al. v. THE BOARD OF COUNTY COM-
MISSIONERS OF THE COUNTY OF GOVE.

No. 15,744.   (94 Pac. 257.)

SYLLABUS BY THE COURT.

MANDAMUS —Appointment of School-land Appraisers — Consent
of County Commissioners.  A peremptory writ of mandamus
will not be granted to compel a board of county commissioners
to consent to an appointment of appraisers of lands claimed
to be school-lands, it being conceded that such lands had,
prior to the application for such consent, been patented by
the state to a purchaser thereof.

Original proceeding in mandamus.   Opinion filed
February 8, 1908.   Writ denied.

STATEMENT.

THERE is practically no issue of fact under the plead-
ings.  It appears that many years ago both tracts of
land in question, then school-lands, were sold and part
payment made thereon, and school-land sale certificates
issued therefor in the usual form; that sometime there-
after there was a default in the payment of interest,
and perhaps of part payments of the principal, at the
times required by the contracts, and ineffectual at-
tempts were made to forfeit the contracts; that by
successive assignments both certificates came into the
hands of one O. B. Jones, who made tender to the
county treasurer of Gove county on the 23d day of
January, 1907, of the amount of money thus in default
thereon, and, such tender being refused, Jones brought
an action in mandamus in this court to compel the
treasurer to accept such tender; that about June 3,
1907, judgment was rendered in this court in the ac-
tion in favor of Jones.  At some time thereafter he re-
newed the tender, including all that was due and to
become due on the certificates, and the same was ac-
cepted by the county treasurer.  On the 12th day of
September, 1907, the state of Kansas issued to Jones

patents for both tracts of land, which patents purport to convey to him all the right, title and interest of the state therein.

On the other hand, it appears that the plaintiffs have been in possession of the lands since the 28th day of January, 1907, and have made valuable improvements thereon; that they made affidavits and obtained certificates of their settlement; that they circulated petitions, and procured the requisite number of lawful signers thereto, praying for the appointment of appraisers to appraise the lands and the improvements thereon; that they presented such petitions to the county superintendent of Gove county, who in writing nominated three qualified appraisers for such purpose; that they presented such nomination to the board of county commissioners of Gove county and asked its consent to such appointment; that the board of county commissioners refused to consent thereto, on the ground that both tracts of land had, prior to such application, been patented by the state of Kansas to O. B. Jones.

*John S. Dawson,* for plaintiffs.

*Lee Monroe,* and *George A. Kline,* for defendant.

The opinion of the court was delivered by

SMITH, J.: The plaintiffs move that the answer to the alternative writ be stricken from the files, and that a peremptory writ as prayed for in the petition be allowed.

One objection to the answer is that it does not make a physical return of the alternative writ served. We think, however, the answer meets the requirements of section 5190 of the General Statutes of 1901, which prescribes the procedure and does not require the actual return of the writ.

Another objection is to the appearance of certain attorneys for the county commissioners. If, however,

there was any misunderstanding in regard to the matter, the action of the attorneys in question has been fully ratified by the county commissioners and by the county attorney.

The motion is denied.

If the plaintiffs are entitled to any relief in this case it must be under sections 5184 and 6339 of the General Statutes of 1901, construed together. Section 5184 provides, in substance, that this court may issue a writ of mandamus "to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust or station." Section 6339, so far as it applies to the matter now under consideration, reads:

"Whenever twenty householders of any organized township in which the land is situated shall petition the superintendent of public instruction of such county to expose to sale any portion or portions of said land, describing the same, he shall, by and with the consent of the county commissioners of his county, appoint in writing three disinterested householders, . . . who . . . shall appraise each legal subdivision."

In *Bushey v. Hardin,* 74 Kan. 285, 86 Pac. 146, it was said:

"Under the provisions of section 6339 of the General Statutes of 1901, relating to the sale of school-land, it is the duty of the county commissioners of a county to give their consent to the appointment of appraisers made by the county superintendent of public instruction of that county in proper proceedings for the sale of school-land, when such appraisers are duly qualified and satisfactory." (Syllabus.)

In that case, upon the answer of the board of county commissioners and the showing made, this court compelled the board to give its consent to the appointment in question.

It is a well-recognized principle of equity that courts will not employ the extraordinary remedy of mandamus to relieve a party who has an adequate remedy at law;

also, that this extraordinary remedy should be exercised with caution, and only in furtherance of justice, and to this end its exercise is not bound by any hard and fast rules but is always largely in the discretion of the court.

Now, can it be said under the facts of this case that the consent of the county commissioners was sought in proper proceedings for the sale of school-land, or that, in the situation, the law specially enjoined upon the commissioners the duty resulting from their office to consent to the appointment of such appraisers? We answer both branches of this question in the negative. Upon the face of the records of the county the land in question was not school-land, and the state had parted with all title thereto. The board of county commissioners was under no obligation, probably had no right, to assume that the conveyance from the state was illegal or to proceed in direct opposition to the facts as they appeared upon the records. To hold the contrary would be to say that county commissioners might be required on petition and action of the county superintendent in their counties to take these steps toward the resale of any land in the state which at some time had been school-land. Indeed, it is not within the province of this court in this case to decide whether the land in question was legally patented to Jones. We presume, however, that if the title to the land has been illegally conveyed from the state the attorney-general in a proper action in a court of competent jurisdiction might cause it to be restored and the illegal conveyance set aside. However this may be, the situation is such that it does not appear to be in furtherance of justice that the peremptory writ of mandamus prayed for should be granted in this case, and the same is refused.

Judgment is rendered against the plaintiffs for the costs.