## In the Petition of Baker and Vandewarker.

*Power of Court to direct Justice to deliver his Docket to Successor in Office.*

·A justice of the peace whose term of office has expired, cannot be summarily compelled to deliver over his docket to his successor in office, by an order of court, on petition and rule to show cause.

CERTIORARI to the Common Pleas of *Crawford county*.

This was an appeal by J. I. Vandewarker, late justice of the peace, from the order of the court below directing the appellant to surrender his docket to his successor in office.

The case was this:—On the 24th day of January 1862, the following petition was presented to the Court of Common Pleas for the county of Crawford :—

"To the Honourable, &c.—The petition of the undersigned respectfully represents that heretofore J. I. Vandewarker was, and acted in the capacity of a justice of the peace, in the borough of Titusville, in said county, and issued process and rendered judgments against divers persons, which judgments now remain unsatisfied upon the docket of the said J. I. Vandewarker. That in February, A. D. 1861, John Tracy was elected a justice of the peace in the said borough, and was afterwards duly qualified and took upon himself the duties and responsibilities of the office aforesaid, and the commission of the said J. I. Vandewarker expired, and his term of office ended when the said Tracy was commissioned, and the said John Tracy became and was the successor in office of the said J. I. Vandewarker.

"That your petitioner has asked and demanded that the docket

[In the Petition of Baker and Vandewarker.]

of the said J. I. Vandewarker should be delivered to the said John Tracy, successor as aforesaid; and that the said Vandewarker has refused and still does refuse to so deliver the said docket to the detriment of your petitioner and others.

"And your petitioner prays your honours to make a rule directing the said Vandewarker to deliver his said docket to his successor in office, or to show cause why he should not make such delivery on the second Monday of February 1862.

"And your petitioner, as in duty bound, will ever pray, &c.
"J. H. BAKER."

About the 1st of February, Tracy resigned, and E. L. Drake was duly elected and qualified as his successor.

On the above petition a rule to show cause on the second Monday of February next issued from the court, which was returned served, as follows :—

"J. H. Baker being duly sworn, says, that on the 29th day of January 1862, he did serve a copy of the within rule on J. I. Vandewarker, at the same time showing him the original with the seal of the court, and further saith not."

The following was also endorsed on the rule :—

"G. W. Hecker appears for defendant." On the 13th day of February 1862, respondent filed his answer in writing in open court, admitting "what is said in the same is true," but that your respondent denies that upon the petition he is obliged by law to deliver his docket as prayed for, averring that he has been at all times, when it was demanded, ready and willing to comply with the laws in giving transcripts of judgments on his docket; that he lives in a district wherein he was a justice, and has no intention, and has not had any, of removing from it; has never refused a transcript to any person. That the docket was bought and paid for by himself, and he claims it as his own private property, and claims he has a right and a lien upon it for his fees in many cases recorded therein."

The court below made the following order :—

"And now, to wit, April 9th 1862. The above case having been presented on the petition and answer, argued by counsel, and duly considered by the court, it is hereby ordered and decreed that the said respondent, J. I. Vandewarker, Esq., do surrender and hand over his docket, together with all notes, bonds, accounts, and other papers in his possession, touching any judgment or suit entered thereon not finally disposed of, to E. L. Drake, Esq., his successor in office, within ten days from this date, or upon demand at any time thereafter, and that he pay the costs of this proceeding.                 Per CURIAM."

This writ was then sued out, and the following errors assigned:

1. The court below had no authority to hear and adjudicate in the premises.

[In the Petition of Baker and Vandewarker.]

2. The court below erred in assuming jurisdiction in the case, and in adjudicating thereon.

3. The court below erred in decreeing that the respondent should surrender and hand over his docket, &c., to E. L. Drake, Esq.

*G. Church*, for appellant.

*J. H. Baker*, for appellee.

The opinion of the court was delivered, March 26th 1863, by

LOWRIE, C. J.—We do not inquire into the duty of the justice, concerning the disposition of his docket, when his official term has expired, because that question is not properly raised. No such form of proceeding as this is authorized by any Act of Assembly, or by any usage of legal practice, and therefore we have no rules to govern it. There is a regular and well-known remedy to compel public officers to do their whole duty, and that is by *mandamus*, and therefore there is no need for inventing a new remedy, and we cannot sanction this one. Sometimes even *mandamus* is not proper, because the legislature has imposed penalties as the means of enforcing the duty; we do not inquire here whether that is the case here or not. To sanction such a practice as this would be to admit a principle that if carried out would break down all regular practice and all settled law relative to remedies, and leave it all to the mere will or caprice of lawyers, or to the mere arbitrariness of courts. There must be laws of practice as well as laws of general conduct, otherwise all judgment will be mere caprice, and not the application of settled rules to all cases that may arise.

Decree reversed, and proceedings quashed at the costs of the petitioner, and record remitted.