THE STATE OF KANSAS, *ex rel.* FRED S. JACKSON, *as Attorney-general, etc., et al., Plaintiffs,* v. VAN B. PRATHER, *as Probate Judge, etc., Defendant.*

No. 17,437.

SYLLABUS BY THE COURT.

1. MANDAMUS—*Public Officer Whose Term Has Expired.* One whose term as a public officer has expired may be required by mandamus to perform an act which he should have done while in office, wherever it is in its nature capable of such subsequent performance, and a public purpose is to be served thereby.

2. STATUTES—*Special Law Repealing General Law—Limitation.* Where an act establishing a special law for a particular county contains a clause in terms repealing the general law on the subject such clause will ordinarily be regarded as limited in its operation to that county.

3. —— *Repeal of Repealing Law—Revivor of Original Act.* In such a case the repeal of the special act brings the county

again within the operation of the general law, the statutory rule that the repeal of a statute does not revive a statute previously repealed having no application to such a situation.

4. CONSTITUTIONAL LAW—*Title of an Act.* Chapter 142 of the Laws of 1909 does not violate the constitutional provision that "no bill shall contain more than one subject, which shall be clearly expressed in its title." (Const. art. 2, § 16.)

5. ——— *Special Law Repealing a Special Law.* The adoption of a constitutional provision against special legislation does not prevent the repeal by special act of a special law previously enacted, or its partial repeal, where the effect is merely to withdraw a county from the operation of the special law and make it subject to the general law.

6. STATUTES—*Construction—Special Salary Law Repealed—New Law Enacted but Operation Postponed—General Law Operative in the Interim.* Where at the same session the legislature repeals a special act fixing the compensation of the officers of a particular county, and by a separate act provides a new schedule applicable to such county, the presumption that might otherwise exist of an intention that the old basis should govern until the new one took effect fails where the operation of the new schedule is postponed for a considerable period; in such a situation the old general law governs between the repeal of the special act and the time when the new schedule becomes operative.

Original proceeding in mandamus. Opinion filed January 31, 1911. Alternative writ allowed.

*Fred S. Jackson,* attorney-general, and *Keplinger & Trickett,* for the plaintiffs.

*T. A. Pollock,* and *E. C. Little,* for the defendant.

The opinion of the court was delivered by

MASON, J.: The state, on the relation of the attorney-general, asks a mandamus against Van B. Prather requiring him to make a report of the fees collected by him while probate judge of Wyandotte county, and to deliver a book containing a record of them. The county commissioners and county auditor join as plaintiffs.

The defendant suggests that mandamus can not be maintained against him, because he has resigned and his term has expired. The proceeding was begun while he was in office, and if it was then his duty to do the act demanded of him, and no one else can perform it, its performance by him may still be enforced as an official duty, notwithstanding he is no longer an officer. In this respect the situation is analogous to that arising when an outgoing officer refuses to turn over to his successor the property belonging to the office—a situation in which mandamus is held to be a proper remedy. (*Huffman v. Mills,* 39 Kan. 577; *Metsker v. Neally,* 41 Kan. 122; *The State v. Lawrence,* 76 Kan. 940; 31 L. R. A. 342, note.)

A number of other reasons are suggested why a writ should not issue. Most of them relate to questions of fact, or to matters appropriate to be investigated upon a return to an alternative writ. A preliminary question is whether the statute imposes upon the probate judge of Wyandotte county the duty referred to, and we deem it proper to determine this prior to the issuance of any writ.

In 1899 the legislature passed an act (Laws 1899, ch. 141) relating to the compensation of county officers. So much of it as is here important is still in force (Gen. Stat. 1909, §§ 3669, 3671), except so far as it is affected by subsequent legislation hereinafter mentioned. Section 12 (Gen. Stat. 1909, § 3669) relates to probate judges, and allows them to retain fees in amounts proportioned to the population, dividing the excess with the county. In all counties having more than 55,000 inhabitants the fixed amount is $3000 a year. Section 14 (Gen. Stat. 1909, § 3671) requires certain county officers, including probate judges, to keep a record of all fees collected, in a book which shall be open to public inspection, and to file quarterly reports under oath showing their amount.

In 1901 an act was passed (Laws 1901, ch. 214)

relating to the compensation of the treasurers and probate judges of Shawnee and Wyandotte counties. It fixed the fees of the probate judge in each of these counties in accordance with the general schedule, except as to two items, which were increased, and allowed him to retain the entire amount collected. It. included a section reading as follows:

"Original section 14 of chapter 141 of the Session Laws of 1899, and all acts and parts of acts, so far as the same are inconsistent with the provisions of this act, are hereby repealed." (§ 3.)

In 1909 an act was passed (Laws 1909, ch. 142) purporting to repeal such act of 1901 so far as it applied to Wyandotte county.

The plaintiffs maintain that with the repeal of the special act of 1901, relating to Wyandotte county, the probate judge of that county became subject to the general law of 1899, and was required to divide with the county fees collected in excess of $3000, and to record and report the amount collected. The defendant insists that to give the law this effect would be to ignore the rule that "the repeal of a statute does not revive a statute previously repealed." (Gen. Stat. 1868, ch. 104, § 1, subdiv. 1, Gen. Stat. 1909, § 9037, subdiv. 1.) We think, however, that the act of 1901 was not a "repeal" of the act of 1899, within the meaning of that rule. Clearly the legislature did not intend by it literally and absolutely to repeal section 14 of chapter 141 of the Laws of 1899. The defendant recognizes this in his brief by speaking of section 14 as having been "repealed as to Wyandotte county" by the act of 1901. What was obviously meant was that the special law and not the general should govern in Wyandotte county; in other words, that Wyandotte county should be withdrawn from the operation of the general statute and be governed, as to the matters covered, by the provisions of the special act. When the special act was repealed, in the absence of specific provision

on the subject the general law became operative in Wyandotte county as well as in the rest of the state. This conclusion accords with the spirit and purpose of the statutory rule, and with the interpretation elsewhere placed upon it.

"The statutory rule is inapplicable to cases where the original act has been modified only and not repealed by the later one, as where an act merely excepts a particular class of cases from the operation of a previously existing general law, which continues to be in force. By the repeal of the act creating the exception, the general statute which was in force all the time then becomes applicable to all cases, according to its terms." (26 A. & E. Encycl. of L. 761.)

This principle was recently applied in *Dykstra v. Holden,* 151 Mich. 289, the effect of the decision being in accordance with a headnote reading:

"The rule that a statute once repealed is not revived by the repeal of the repealing act is not applicable to a case in which the original act is not in fact repealed, but merely discontinued in its operation with reference to a particular territory, in which case the discontinuing act being repealed there is nothing to prevent the original act from again becoming operative in the exempted territory." (¶ 5.)

(See, also, 36 Cyc. 1101, note 72: *Grocery Company v. Burnet,* 61 S. C. 205; *Durr v. Commonwealth,* 3 Pa. Co. Ct. R. 525; *Barren County Court v. Kinslow,* 9 Ky. Law Rep. 108; *The State v. Sawell,* 107 Wis. 300.)

The defendant assails the validity of the act of 1909 upon the ground that it violates the constitutional provision (art. 2, § 16) that no bill shall contain more than one subject, which shall be clearly expressed in the title. The act not only undertakes the repeal, so far as Wyandotte county is concerned, of chapter 214 of the Laws of 1901, relating to the compensation of the treasurer and the probate judge of Wyandotte and Shawnee counties, but also the entire repeal of chapter 217 of the Laws of 1901, relating to the fees

of the sheriff, register of deeds and court clerks of Wyandotte county. We think within the meaning of the constitution the act relates only to one subject— the compensation of officials of Wyandotte county— and that this subject is clearly expressed in the title.

A more serious question is whether the act of 1909 violates the constitutional provision forbidding the enactment of a special law where a general one can be made applicable. (Art. 2, § 17.) It is obviously in a sense special legislation relating to a subject (the compensation of county officers) capable of regulation by a general law. But it was enacted under peculiar circumstances. There was in force at the time a general statute regulating the compensation of county officers according to population, and a few special statutes taking particular counties out of the rule so established. These special statutes were valid because they were passed while the legislature had the power to determine finally whether a general law could be made applicable to the subject—a power that was transferred to the courts in 1906 by constitutional amendment. The new act was not within the reason or the spirit of the rule against special legislation. The mischief against which the prohibition is directed had already been done. The special acts had already been passed. Several counties had already been taken out of the general rule. The later enactment tended to remedy the existing evil—to reduce the number of counties governed by special acts—to take Wyandotte county out of the list of exceptional cases and subject it to the operation of the general law. Courts disagree as to whether the adoption of a rule against special legislation prevents the amendment of a special act previously passed. (Binney's Spec. Leg. p. 122 *et seq.*) But the reasons for holding that an existing special act may not be amended by adding thereto have no application where it is repealed in whole or in part, although by a special act.

There was also enacted in 1909 (ch. 145, Gen. Stat. 1909, §§ 3707-3727) a law fixing the compensation of county officers in counties having a population of over 90,000 (a description which at that time applied only to Wyandotte county), the probate judge being allowed a salary of $3500. Chapter 142 of the Laws of 1909, which repealed the special law on the subject, took effect upon its publication in the official state paper, March 30, 1909. Chapter 145 did not take effect before the statute book was issued, which was May 29, 1909. The defendant maintains that as the two acts related to the same matter, and were practically contemporaneous, they should be construed together and treated as though parts of the same enactment, so that the special law of 1901 should not be deemed to be repealed until the law of 1909, general in form, should become effective; in other words, as applied to the office here involved, that the probate judge should continue to retain all the fees collected until his salary of $3500 began. There would be much force to this contention if the new schedule of salaries dated from the publication of the statute book. It might well be argued that the legislature did not intend that the old general law should govern for the brief interval between March 30 and May 29, 1909. But the salaries fixed by chapter 145 were made to begin as to a part of the county officers on July 1, 1909, and as to the others, including the probate judge, on January 1, 1911. The legislature having provided for the immediate repeal of the special schedule, and having postponed the operation of the new schedule for so considerable a period, must be deemed to have intended that in the interval the general law should control, and that from March 30, 1909, to January 1, 1911, the probate judge should divide with the county all fees collected in excess of $3000 a year.

The court is of the opinion that the defendant is under a duty to account for the fees received between

the dates indicated, and that the performance of the duty may be enforced by mandamus at the instance of the attorney-general, upon the principle that the state has always a substantial interest in seeing that a public officer complies with the law. (*The State v. Lawrence,* 80 Kan. 707.)

As the court is of the opinion that the statute imposes the duty sought to be enforced, an alternative writ will be allowed. The question whether special facts exist justifying the withholding of a peremptory writ as a matter of discretion, or rendering it unavailing, can be presented by answer.

WEST, J. (dissenting) : I agree fully with the foregoing construction of the statutes involved, but do not believe the alternative writ should be allowed.

From the affidavit attached to the motion and from the reply brief it is apparent that the main purpose sought to be accomplished by the motion is the securing of an opinion concerning the validity of certain statutes, in time for possible new legislation before the adjournment of the present legislature. As said by Lord Chief Justice Denman, in *The Queen v. The Directors of the Blackwall Railway,* 9 Dowling's Rep. (Eng.) 558:

"When there is a doubt as to the mode of proceeding under an act of parliament, the parties must act on their own responsibility, and not come and ask advice from the court, which is not bound to give them directions before a matter is properly ripe for a judicial determination."

It appears also that before this motion was filed an action had been begun in the district court of Wyandotte county against the defendant for a bill of discovery, for an accounting, and for statutory penalty. If section 365 of the code of civil procedure does not provide adequate means for the production of the book in question, if such exists, it would seem that the rec-

ords of the probate court would furnish fairly adequate information for use in a suit for an accounting. The writ is largely discretionary, and should not be granted unless the right thereto be clear and the purpose sought legitimate. (*The State, ex rel. Wells, v. Marston*, 6 Kan. 524; *Board of Education v. Spencer*, 52 Kan. 574; *Hughes v. Parker*, 63 Kan. 297, 306, 307; *Nation v. Gove County*, 77 Kan. 381, 383, 384; *State, Relation of McClellan, v. Graves et al.*, 19 Md. 351; Merrill, Mand. § 68.)