No. 24,134.

THE STATE OF KANSAS, *ex rel.*, R. D. ARMSTRONG, as County Attorney of Scott county, *Appellant*, v. W. D. LUKE, as Clerk of School District No. 2 of Scott county, *Appellee*.

### SYLLABUS BY THE COURT.

1. CLERK OF SCHOOL BOARD—*Refusal to Post Notice of District Meeting—Term of Office Expired—Mandamus*. The clerk of a school board, to whom has been presented a petition signed by the required number of voters asking that a school district meeting be called for the purpose of voting on a proposition to consolidate the school district with another district, may be compelled by mandamus to post the notices, although he may have resigned for the purpose of defeating an action in mandamus after it had been filed but before the alternative writ had been served, where no successor to the clerk has been elected or appointed.

2. SAME—*Duty of Clerk to Post Notice of District Meeting Upon Receipt of Legal Petition—No Meeting of Board Required*. Under section 8938 of the General Statutes of 1915, it is not necessary for the school board to act on such a petition as is described in the first paragraph of this syllabus; it is the duty of the clerk to post the notices when the petition is presented to him.

Appeal from Scott district court; ROSCOE H. WILSON, judge. Opinion filed April 7, 1923. Reversed.

*R. D. Armstrong*, and *Stanton L. Smiley*, both of Scott City, for the appellant.

*William Easton Hutchison, C. R. Hope, A. M. Fleming*, all of Garden City, and *Leo T. Gibbens*, of Scott City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from a judgment in favor of the defendant in an action in mandamus in which the plaintiff asked that the defendant be compelled to post notices calling a school dis-

trict meeting for the purpose of voting on a proposition to consolidate the school district with another school district.

On July 14, 1921, a petition signed by more than twenty-five per cent of the voters of school district No. 2 in Scott county was delivered to the defendant as clerk of the school district by the wife of the director of the district. There was no meeting of the school board, nor was the petition presented to the school board. The defendant returned the petition to the wife of the director and consulted the county superintendent concerning his duty to post the notices. The director consulted the county attorney, and the petition in this action was filed July 19, 1921. The defendant, to avoid the service of the alternative writ, resigned on July 20, 1921; and his resignation was accepted by the county superintendent on July 21, 1921, but no successor to the defendant was appointed. The alternative writ was served on August 5, 1921.

1. One proposition presented by the plaintiff is that the defendant's resignation did not avoid his duty to post the notices. In *The State v. Prather*, 84 Kan. 169, 112 Pac. 829, this court said:

"One whose term as a public officer has expired may be required by mandamus to perform an act which he should have done while in office, wherever it is in its nature capable of such subsequent performance, and a public purpose is to be served thereby." (Syl. ¶ 1.)

Section 8950 of the General Statutes of 1915 provides that—

"At the annual meeting in eighteen hundred and seventy-four there shall be elected a director who shall hold his office for three years, a clerk who shall hold his office for two years, and a treasurer who shall hold his office for one year; and thereafter at each annual meeting there shall be elected one member of said board in place of the outgoing member, who shall hold office for three years and until his successor shall be elected and qualified."

Until a successor to the defendant has been elected or appointed and qualified, he can be compelled by mandamus to post the notices.

2. The defendant urges that, although he may be the clerk of the school district until his successor is appointed and qualified, he cannot be compelled to post the notices because the petition was not presented to the school board, nor acted on by it. The statute on which the plaintiff relies, in part, reads:

"By order of the district board, or by a written petition of twenty-five per cent of the voters of any school district, the clerk of said school district shall post printed notices as required for school-district meetings, calling a school-district meeting at the schoolhouse of said district for the purpose of voting

upon a proposition to consolidate said school district with one or more school districts as stated in said notice." (Gen. Stat. 1915, § 8938.)

The statute does not support the defendant in his contention. The law directs the clerk of the school board to post the notices whenever a petition has been signed by twenty-five per cent of the voters in the school district. The statute does not require action by the school board. When the petition is presented to the clerk, it is his duty, not the duty of the board, to call the election.

The judgment of the district court is reversed, and that court is directed to enter judgment granting a peremptory writ of mandamus against the defendant and to cause that writ to be issued unless the notices have been posted or other action has been taken by the school district which will render posting the notices of no effect.