## Commonwealth ex rel. Snyder *v*. Knott et al., Appellants.

Argued October 20, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Chas. E. Berger,* for appellants.

*M. M. Burke,* for appellee.

OPINION BY GAWTHROP, J., January 28, 1932:

This appeal by respondents is from an order of the court below directing that a peremptory writ of mandamus issue against them three weeks from the date of the order (unless they have complied therewith prior thereto), commanding them to deliver to the town council of the Borough of Shenandoah, its water committee and water superintendent, the books of account and other property belonging to the borough which they held and used in connection with the management and operation of the borough waterworks.

On December 8, 1930, upon petition of the relators a writ of alternative mandamus was directed to be issued against the respondents commanding them to deliver the property to the relators. To the answer filed by the respondents, relators filed a demurrer and the case was disposed of on these pleadings.

From the petition and answer the following facts appear: On December 30, 1918, the town council of the Borough of Shenandoah passed a resolution to apply to the court of common pleas of Schuylkill County for the appointment of commissioners of waterworks for the borough "in manner as provided by the Act of June 5, 1913, P. L. 445." This resolution was part of an ordinance enacted on that date accepting the provisions of the Act of 1913, which authorized

boroughs and incorporated towns owning or acquiring water-works to establish a commission of water-works. The ordinance was signed by the president of council and attested by its secretary, but was not signed by the chief burgess nor passed over his veto. On February 17, 1919, Charles Pavitt, John Miller and Charles F. Blowert were appointed water commissioners by the court for the terms of three, two and one year, respectively, pursuant to a petition filed by the borough council. The commission thus created took over the control and management of the borough water-works. The commissioners originally appointed were kept in office for several years by reappointments, the last appointment having been that of Charles F. Blowert for a term of three years beginning February 17, 1923. No further appointments were made until June 25, 1928. Blowert served beyond his term without reappointment and resigned in September, 1927, his term having expired February 17, 1926. Pavitt forfeited his office by removal from the borough in December, 1924, and the vacancy was not filled. Although the term of Miller expired on February 16, 1924, he alone served as a water commissioner until June 25, 1928, without reappointment. Pursuant to a resolution of the borough council adopted May 1, 1928, in accordance with the provisions of Sections 2451 and 2452 of the General Borough Act (May 4, 1927, P. L. 519), a petition was presented to the court below in June, 1928, praying for the appointment of three water commissioners, and respondents, Oppenheimer, Miller and Knott, were appointed on June 25, 1928, for terms of three, two and one year each, respectively. The resolution of council, pursuant to which this petition was presented, recited that "there is a vacancy in the office of three commissioners of the borough water-works, by reason of expiration of term." On March 24, 1930, George Knott, whose term expired June 25,

1929, was reappointed by the court, but his term of office was not fixed. On July 1st the court reappointed John Miller for a term of three years. On September 26, 1930, the borough council, by ordinance, repealed the ordinance of resolution enacted December 30, 1918, and on the same day enacted another ordinance creating a water-works committee from its membership and the position of superintendent of water-works, defined the powers and duties of such an officer and elected a water superintendent. At that time respondents were acting as commissioners of water-works under appointment of court and were in possession of certain books of account and other property of the borough. On November 19, 1930, the borough council made demand upon the acting water commissioners for all property in their hands, and they refused to comply with the demand. Whereupon, this proceeding was commenced.

The first contention of the able counsel for appellants is that they were water commissioners of the borough de jure when the peremptory mandamus issued; that the water commission of which they were the members was created by the court's appointment of them on June 25, 1928, pursuant to a resolution of the borough council adopted May 1, 1928, under the provisions of Sections 2450, 2451 and 2452 of the General Borough Act of May 4, 1927, P. L. 519, 658; that the ordinance of December 30, 1918, never went into effect because it was neither approved by the chief burgess nor passed over his disapproval, and because the Act of 1913, pursuant to which it was passed, had been repealed by the General Borough Act of May 14, 1915, P. L. 312; that, therefore, the petition filed on February 17, 1919, praying for the appointment of a commission of water-works for the borough was presented pursuant to a void ordinance; that, although the commission of water-works appointed under the

original petition was kept alive by reappointments for several years, the terms of all the commissioners so appointed had expired before the petition was filed in 1928 for the appointment of commissioners under the Act of 1927; that the action of the borough council of May 1, 1928, recommending the appointment of commissioners of water-works, followed by the appointment of respondents by the court on June 25, 1928, resulted in the creation of a new commission under the terms of the Act of 1927, which provides that: "after three years from the first appointment (of commissioners of water-works) the borough may, at any time, rescind the resolution asking for the appointment of a commission of water-works. When such resolution shall be rescinded, the court shall make no further appointment of commissions until a resolution shall again be passed by a council asking for such appointment;" that, therefore, under the terms of the Act of 1927, quoted above, no resolution or ordinance rescinding the resolution asking for the appointment of commissioners of water-works could be passed until the expiration of three years from the date of the respondent's appointment, to wit, June 25, 1931; and that, therefore, the rescinding ordinance passed September 26, 1930, was void.

The court below refused to come to such a conclusion and, in our opinion, correctly so. The Act of 1913, supra, provided that boroughs owning and maintaining water-works might establish a commission of water-works to be composed of three citizens of the borough who should be known as commissioners of water-works; that such borough, desiring to avail itself of the provisions of the act, should, by resolution duly passed by council and recorded in its minutes, apply to the court of common pleas of the proper county for the appointment of commissioners of water-works; that it should be the duty of the judges, on the application

of the borough council, to appoint such commissioners of water-works, one of whom should be appointed to serve for one year, one for two years and one for three years, and that annually thereafter one citizen should be appointed as a commissioner for a term of three years. The act provided further "that after three years from the first appointment under this act, the borough or town council may at any time rescind the resolution asking for the appointment of a commissioner of water-works. When such resolution shall be so rescinded the court shall make no further appointment of commissioner of water-works until a resolution shall again be passed by council asking for such appointment." It is a fact that the Act of 1913 was expressly repealed by the General Borough Act of 1915. But the provisions of the Act of 1913 were carried into the Acts of 1915 and 1927, in substantially the same words, and the latter acts declared that "the provisions of this act so far as they are the same as those of existing laws are intended as a continuation of such laws, and not as a new enactment." It seems clear, therefore, that when the borough council undertook to set up a commission of water-works in 1918, it proceeded in the manner prescribed by the then existing law, to wit, the Act of 1915, which was then in force, although the ordinance or resolution erroneously referred to the Act of 1913, and that the appointment of the commissioners made by the court was authorized by the Act of 1915. We are not willing to hold that a mistake in referring to the Act of 1913, instead of the Act of 1915, was fatal to the ordinance or resolution of council passed December 30, 1918, but conclude that it was effective to accomplish its manifest purpose.

Nor is there any merit in the contention that the action taken by the borough council on December 30, 1918, was invalid because it was taken in the form

of an ordinance which was not signed by the chief burgess or passed over his veto. Inspection of the self-denominated ordinance shows that it contained this language: "The Town Council of the Borough of Shenandoah, hereby express their resolution to apply to the Court of Common Pleas of Schuylkill County for the appointment by said court of Commissioners of Water-works for the Borough of Shenandoah, Pa." This was tantamount to a resolution such as was required by the statute then in force and was intended to comply therewith. The statute did not require that the borough should act by an ordinance. The approval of the chief burgess was not necessary to render the action of the borough council valid when it is considered as a resolution.

We come then to the question whether the appointment of respondents as commissioners of water-works, pursuant to the resolution of borough council passed May 1, 1928, amounted to the creation of a new commission of water-works, that is, whether it was a "first appointment" of a commission of water-works, which, under the provisions of the statute, fixed the beginning of the three year period during which the borough council was powerless to abolish the water commission created by it. As already stated the resolution of the borough council passed May 1, 1928, recited the fact that there was "a vacancy in the office of three commissioners of the borough water-works by reason of expiration of term." By the terms of the resolution it is obvious that it was not the intention of the borough council to create a new commission of water-works, but that the intention was to fill vacancies in an existing commission which had been created by appointments made by the court pursuant to the resolution of 1918. As stated by the court below, the borough council may have been mistaken as to the real status of its water commission when it took its action

on May 21, 1928, but what it intended to do cannot be misunderstood. The commission, qua commission, did not cease to exist merely because the terms for which its members were appointed had expired and there were no de jure members and there was only one de-facto member of the commission. The commission as an institution continued to exist, just as this Court would continue to exist as an institution, although vacancies in its entire membership should occur at the same time. Our conclusion is that the court below was entirely right in holding that the appointments by the court pursuant to the resolution of 1928 did not create a new commission, but that the commission was in existence since the original appointments were made by the court in 1919. It follows that the action of the borough council on September 26, 1930, repealing the resolution of December 30, 1918, was taken more than three years after "the first appointment" of a commission of water-works and was effective to abolish that commission and place the administration of the borough water-works back in the hands of the borough council. The statute provides that when the borough council shall rescind the resolution asking for the appointment of a commission of water-works, the court shall make no further appointment of commissioners until a resolution shall again be passed by counsel asking for such appointment. In our opinion the effect of this provision is that the commission ceased to exist immediately upon the adoption of the rescinding resolution, the office of commissioner of water-works was thereby abolished and the administration of the borough water-works was re-committed to the borough council.

Lastly it is contended in behalf of appellants that mandamus does not lie because the title to the office of commissioner of water-works is involved; and that this question can be decided only in a quo warranto

proceeding. In view of our conclusion that the commission of water-works of the borough was abolished by the action of the borough council taken September 26, 1930, there was no title to the office of commissioner of water-works to contest after that date. Therefore, no right to exercise the functions of an existing office is involved in this proceeding. We agree with the court below that a pretended intrusion into a defunct office will not warrant respondents' withholding the borough property and thereby forcing the borough council to resort to quo warranto. When the office of commissioner of water-works ceased to exist as a result of the abolition of the commission itself, it became the duty of respondents to comply with the demand of the borough authorities to deliver up the property of the borough which they held as commissioners. To enforce the performance of this duty mandamus is the appropriate remedy. The case was well considered and correctly decided below.

The judgment is affirmed.