**OSWALD v. UNITED STATES.**
No. 8469.

Circuit Court of Appeals, Ninth Circuit.
March 28, 1938.

J. Garner Anthony and Dudley C. Lewis, both of Honolulu, T. H. (Robertson, Castle & Anthony, of Honolulu, T. H., of counsel), for appellant.

Ingram M. Stainback, U. S. Atty., and J. Frank McLaughlin, Asst. U. S. Atty., both of Honolulu, T. H., and H. H. McPike, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal from a judgment of dismissal entered in an action in which Olaf Oswald was plaintiff and the United States of America, defendant. The plaintiff-appellant, Oswald, filed a complaint in which he alleged that he was the duly appointed official court reporter (stenographic) of the District Court of the United States for the Territory of Hawaii, taking oath as such on November 1, 1931, and being approved by telegram of an Assistant Attorney General of the United States and confirmed by letter to the judge of said court dated October 21, 1931, "specifying the appointment of Plaintiff in grade CAF-7." He further alleged that the nature of his claim was for the recovery of $1,-368 with interest, upon an express parol contract for transcribing testimony in connection with appeals taken by the United States from decisions of the said court in certain civil cases in which the United States was a party, to the amount of 6,940 folios (of 100 words) at 20 cents per folio; that he had reported the proceedings in these cases and received per diem expenses from the defendant for each day in court, the United States being exempted by rule of court from payment of such per diem; that the United States began prosecution of an appeal in each case and an Assistant Attorney General of the United States requested the appellant to prepare a transcript of proceedings in each case; "that immediately thereupon this plaintiff directed the attention of the said assistant attorney general to the practice and rule of this court with respect to payment to the court reporter for transcripts; that thereupon the said assistant attorney general assured the plaintiff that he, the said plaintiff, would be paid for such transcripts at the rate set in said rule of court through the United States Marshal for the district of Hawaii upon voucher in the usual form duly certified by the United States Attorney and approved by the proper United States department in Washington, D. C., and instructed this plaintiff to proceed with all possible speed to complete the said transcripts within the remaining sixty days of time allotted by law for perfecting appeals;" that on the same day a "Request for Order for Transcript" was presented to the plaintiff by the United States Attorney in each case, which was approved by a judge of the District Court of the United States for the Territory of Hawaii "upon this Plaintiff's oral representation to the said Judge, and only by reason of such representation, that an understanding as to compensation, as hereinabove set forth, had been arrived at with the said assistant attorney general"; that the transcripts were completed and delivered October 8, 1934; that the amount due plaintiff under said agreement with the Assistant Attorney General was the total sum of $1,368; that on the same day the plaintiff submitted a voucher for said sum to the United States Attorney for the Territory of Hawaii who attested completion and delivery of the transcripts and to the United States Marshal for said District and Territory who certified and attested that the sum had not been paid to the plaintiff or to any one for him; that thereafter this voucher was forwarded to the Department of Justice, Washington, D. C., for approval and was disallowed; that following this, claim was made for said sum to the General Accounting Office, Claims Division, Washington, D. C., and disallowed by the Comptroller General of the United States. Thereafter follow allegations that the plaintiff is not an "officer" of the United States; that the claim is not for services within the original contract of employment; that plaintiff could not legally be required to perform such services without other compensation than the salary provided by law; that the obligation sued on was for service outside and beyond the scope of plaintiff's duty; and that the action was brought to recover "for usual and expected services of said reporter for which his payment therefor at the rate of twenty cents per folio is comprehended within his expected and anticipated compensation for

such employment, as, established by said rule of court."

The United States demurred upon the ground that the petition did not state facts sufficient to constitute a cause of action, and "That it affirmatively appears from the face of said Petition that this Court is without jurisdiction to entertain this suit since this is an action to recover fees, salary and compensation for official services of an officer of the United States."

Thereafter, a stipulation was entered into "that upon the defendant's demurrer to the plaintiff's declaration the Court may consider as a fact well pleaded, to the same extent as if the same were specifically set forth in the plaintiff's declaration, that the plaintiff as official court reporter of the United States District Court for the Territory of Hawaii is and has been, since the date of his appointment as such official court reporter, in receipt of the salary specified under, said appointment, to-wit, $2,600.00 per annum, in Grade Caf-7, payable from the appropriation 'Miscellaneous Expenses, U. S. Courts.'"

The District Judge filed an opinion in the case and entered judgment dismissing the action, from which plaintiff appeals.

The position of reporter in the District Court of the United States for the Territory of Hawaii is provided by statute, 31 Stat. 158, as amended, 48 U.S.C.A. § 644, and the salary fixed, originally at $1,200 per annum, but subsequently changed, from time to time, until the present when the classification of the position calls for a salary of $2,600 per annum.[1]

Rule 129 of the said District Court sets out the duties of the reporter, and reads as follows:

"The official court reporter shall report and keep a record of all actions and proceedings tried and heard before this court. The compensation of the official court reporter shall, in addition to his salary provided by law, be $10 per day and $5 per half day for reporting in civil cases, and twenty cents per folio for transcribing his notes, to be paid by the party requiring the transcript. The per diem expenses in such cases shall be paid by the parties, in advance, excepting the United States, and shall be taxable as costs in the case. When the court shall require a transcript of the

reporter's notes in civil cases, the charge therefor shall be paid by the parties, excepting the United States, and shall be taxable as costs in the case. When the court shall require a transcript of the reporter's notes in any criminal action or proceeding, such transcript shall be furnished free of charge."

The appellant divides his argument into two parts: (1) The District Court had jurisdiction of this cause under the Tucker Act, as amended, 28 U.S.C.A. § 41 (20); and (2) plaintiff's cause of action is not barred by reason of being a claim for extra allowance or compensation not authorized by law, forbidden by the provisions of 5 U.S.C.A. § 70.

The Tucker Act, as amended, 28 U.S.C.A. § 41 (20), upon which the appellant bases his claim that the court below had jurisdiction, reads as follows:

"The district courts shall have original jurisdiction as follows: * * *

"Twentieth. Concurrent with the Court of Claims, of all claims not exceeding $10,-000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable, and of all set-offs, counterclaims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said court. * * * Nothing in this paragraph shall be construed * * * as giving to the district courts jurisdiction of cases brought to recover fees, salary, or compensation for official services of officers of the United States or brought for such purpose by persons claiming as such officers or as assignees or legal representatives thereof. * * * No suit against the Government of the United States shall be allowed under this paragraph unless the same shall have been brought within six years after the right accrued for which the claim is made. * * * All suits brought and tried under

[1] 42 Stat. 108, 119, 120, 1488; 43 Stat. 704, 709, 763, 764; 45 Stat. 162, 193, 776, 785; 5 U.S.C.A. § 673.

the provisions of this paragraph shall be tried by the court without a jury."

Our initial inquiry must be directed to ascertain whether the court had jurisdiction of the cause under the Tucker Act. As appears from the above quotation, jurisdiction would be lacking in the District Court if the plaintiff was (1) an officer of the United States, (2) seeking to recover fees, salary, or compensation for official services.

 First. Was the plaintiff an officer of the United States? "The President * * * shall nominate, and by and with the Advice and Consent of the Senate, shall appoint * * * all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." Const. art. 2, § 2, cl. 2. The Congress created the position of reporter in the District Court of the United States for the Territory of Hawaii and originally fixed the salary and granted that court the authority to make the appointment. 48 U.S.C.A. § 644. The appellant was appointed under the authority of that statute. "If an official has been appointed in any of the modes indicated in the paragraph of the federal Constitution above quoted, he is an officer of the United States." Scully v. United States, C.C.Nev., 193 F. 185, 187. See, also, Burnap v. U. S., 252 U.S. 512, 516, 40 S.Ct. 374, 376, 64 L.Ed. 692; United States v. Mouat, 124 U.S. 303, 307, 8 S.Ct. 505, 31 L.Ed. 463; United States v. Germaine, 99 U.S. 508, 25 L.Ed. 482; United States v. Hartwell, 73 U.S. 385, 393, 6 Wall. 385, 393, 18 L.Ed. 830; United States v. McCrory, 5 Cir., 91 F. 295, 296. We conclude, therefore, that the appellant was, or is, an "officer" of the United States.

Second. Is he seeking to recover fees, salary, or compensation for official services? The duties of the official reporter are set forth in rule 129 of the lower court. The official reporter is required to report and keep a record of all actions and proceedings and to furnish transcripts of testimony where required, either by the parties or by the court. If he were not required to furnish transcripts of testimony, there would be no purpose in having a reporter; the notes must be read or transcribed at some time to be of any value at all. The purpose in having a stenographer report proceedings in the trial of a case is to make available a transcript of the testimony whenever required. It follows, as a matter of course, that the furnishing of transcripts of testimony is an ordinary duty of an official stenographic reporter and such services rendered by him are "official services."

 The answer to each question being in the affirmative, the appellant failed to bring his action within the provisions of the Tucker Act and, therefore, the lower court was without jurisdiction to entertain the case. Citation is unnecessary to substantiate the premise that the United States may not be sued without its consent and, the consent of the Tucker Act being lacking, the suit must fail.

Judgment affirmed.