82

**UNITED STATES v. METZGER, Judge, et al.**

No. 10291.

Circuit Court of Appeals, Ninth Circuit.
Jan. 9, 1943.

As Amended on Denial of Rehearing
April 5, 1943.

Norman M. Littell, Asst. Atty. Gen., and Vernon L. Wilkinson and Roger P. Marquis, Attys., Dept. of Justice, both of Washington, D. C., for petitioner.

Delbert E. Metzger in pro. per., of Honolulu, T. H., for respondent D. E. Metzger.

Olaf Oswald in pro. per., of Honolulu, T. H., for respondent Oswald.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Petitioner filed its petition seeking a writ of mandamus to compel respondent Oswald, the court reporter for the United States District Court for the Territory of Hawaii, an officer [1] appointed pursuant to Section 86 of the Act of April 30, 1900, 31 Stat. 158, c. 339, 48 U.S.C.A. § 644, to furnish petitioner, for purposes of an appeal here, taken from a judgment of that court in a suit in which petitioner is a party, a transcript of the proceedings of the trial therein, which transcript Oswald refused to furnish unless paid certain amounts per folio, a payment in excess of his official salary.

The petition also sought the writ against Judge Metzger to compel him to order Reporter Oswald to furnish the transcript without charge to petitioner. An order to show cause was issued and served upon the two respondents, who have appeared and responded to it.

The jurisdiction of this court to entertain the petition for the writ in a case on appeal here exists in the aid of the appeal, which the refused performance of Oswald's alleged official duty may em-

---

[1] Unlike the reporters in other district courts for which no statutory provision is made. Cf. Miller v. United States, 63 S.Ct. 187, 87 L.Ed. ——.

barrass or prevent. Judicial Code § 262, 28 U.S.C. 377, 28 U.S.C.A. § 377.

Oswald admits the allegations of the petition of the demand of the petitioner for the transcript and his refusal to furnish it, but alleges on information and belief that his refusal finally took the form of an offer that "if the United States would agree to accept delivery of and pay for each 100 pages of transcript when and as prepared by respondent, he would proceed forthwith, being willing to gamble his labor in preparing the first 100 pages on the Government's good faith in the matter." His answer claims affirmatively, also on information and belief, an agreement of petitioner to pay the added folio charges.

 Such allegations of matters in which Oswald personally participated are of his own knowledge and may not be placed in issue in a mandamus proceeding by mere affirmations concerning a pleader's information and belief. No proof was offered to support the affirmative allegations of Oswald's answer. However, no question was raised as to the sufficiency of the answer and the petitioner relies on its claim of the absence of its authority to agree to pay Oswald more than his statutory compensation for furnishing the transcript. In this we agree with petitioner.

We have held that the furnishing of the transcript is an "official service" which is an "ordinary duty" of Oswald's office, for which he cannot claim compensation in excess of his official salary, though such added compensation is attempted to be provided by a rule of court. Oswald v. United States, 9 Cir., 96 F.2d 10, 13. It is provided in R.S. § 1765, 5 U.S.C. § 70, 5 U.S.C.A. § 70, that

"No officer in any branch of the public service, or any other person whose salary, pay, or emoluments are fixed by law or regulations, shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law, and the appropriation therefor explicity states that it is for such additional pay, extra allowance, or compensation."

Oswald does not claim and we know of no such appropriation of Congress providing for such added compensation to the court reporter for the Hawaiian district court for furnishing of the transcript in question. The appropriation for stenographic services for the Department of Justice contains no "explicit statement" that any of it may be paid to official reporters as "additional compensation." It is intended for compensation to reporters not officers, as in Miller v. United States, supra. The petitioner had no power to make such an agreement as described in Oswald's answer. It is entitled to its writ against him.

Petitioner also seeks our writ of mandamus against respondent Judge Metzger of the District Court of Hawaii to compel him to order Oswald to furnish the transcript to it without such per folio additional compensation. It alleged that it moved the court presided over by Judge Metzger for its order to compel such action, but that, instead of granting the motion, the court ordered Oswald to furnish the transcript upon payment of the per folio charges of its court rules, which apparently, have not been amended to conform to our decision in Oswald v. United States, supra.

There is no provision for an appeal from such an order. It is arguable that such an order hampers an appeal and hence that we may, by mandamus, have it set aside. State of Maryland v. Soper, 270 U.S. 9, 29, 46 S.Ct. 185, 70 L.Ed. 449. In view of what has been said, we do not deem it necessary to consider such action.

The writ against Reporter Oswald as prayed for is granted.