## UNITED STATES v. OSWALD et al.

### No. 10630.

Circuit Court of Appeals, Ninth Circuit.

March 30, 1944.

Norman M. Littell, Asst. Atty. Gen., and Vernon L. Wilkinson and Roger P. Marquis, Attys., Department of Justice, both of Washington, D. C., M. Mitchell Bourquin, Sp. Asst. to Atty. Gen., and John E. Lynch, Atty., Department of Justice, of San Francisco, Cal., for petitioner.

William A. O'Brien, of San Francisco, Cal., for respondents.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This is a petition for a writ of mandamus to compel Olaf Oswald to furnish petitioner, the United States, without charge, a transcript of the proceedings at a trial in the United States District Court for the Territory of Hawaii in a suit to which petitioner was a party, and to compel the Honorable Delbert E. Metzger, one of the judges of the District Court, to order Oswald to furnish such a transcript without charge.

On July 31, 1943, and at all pertinent times prior thereto, Oswald was the District Court's reporter, having been appoint-

922

ed to that office by the judges of the District Court pursuant to § 86 of the Hawaiian Organic Act, as amended, 48 U.S.C.A. § 644.[1] His duties were prescribed by the District Court's Rule 129,[2] reading as follows:

"The official court reporter shall report and keep a record of all actions and proceedings tried and heard before this court. The compensation of the official court reporter shall, in addition to his salary provided by law, be $10 per day and $5 per half day for reporting in civil cases, and twenty cents per folio for transcribing his notes, to be paid by the party requiring the transcript. The per diem expenses in such cases shall be paid by the parties, in advance, excepting the United States, and shall be taxable as costs in the case. When the court shall require a transcript of the reporter's notes in civil cases, the charge therefor shall be paid by the parties, excepting the United States, and shall be taxable as costs in the case. When the court shall require a transcript of the reporter's notes in any criminal action or proceeding, such transcript shall be furnished free of charge."

The trial referred to began on August 3, 1942, ended on August 29, 1942, and resulted in a judgment which was entered on November 12, 1942. On January 28, 1943, petitioner requested Oswald to furnish it, without charge, a transcript of the proceedings at the trial. Oswald refused to furnish such a transcript unless paid therefor at the per folio rate prescribed in Rule 129. Petitioner appealed from the judgment on February 3, 1943. On April 29, 1943, Oswald tendered his resignation as reporter. His resignation was accepted and became effective on July 31, 1943. He has not since held the office of reporter.

Petitioner did not, during Oswald's incumbency of that office, take any steps to compel him to comply with its request of January 28, 1943. On October 16, 1943—long after Oswald's resignation became effective—petitioner moved the District Court for an order requiring him to comply with its request. The motion was denied on October 27, 1943. On December 1, 1943, petitioner asked leave to file in this court the above mentioned petition for a writ of mandamus. Leave was granted and the petition was filed on December 8, 1943.

If the petition had been filed and heard while Oswald was in office, it might have been granted.[3] Having been filed after he went out of office, it must be denied; for, in the Federal courts, mandamus does not lie to compel one who no longer holds an office to perform the duties thereof.[4] State court decisions cited by petitioner[5] are not controlling here and need not be considered.

Petition denied.

---

[1] See Oswald v. United States, 9 Cir., 96 F.2d 10; United States v. Metzger, 9 Cir., 133 F.2d 82.

[2] See Oswald v. United States, supra.

[3] United States v. Metzger, supra.

[4] Secretary v. McGarrahan, 9 Wall. 298, 313, 19 L.Ed. 579; United States v. Boutwell, 17 Wall. 604, 607, 21 L.Ed. 721; United States v. Chandler, 122 U.S. 643, 30 L.Ed. 1244; United States v. Lamont, 155 U.S. 303, 308, 15 S.Ct. 97, 39 L.Ed. 160; United States v. Lochren, 164 U.S. 701, 17 S.Ct. 1001, 41 L.Ed. 1181; Warner Valley Stock Co. v. Smith, 165 U.S. 28, 31, 17 S.Ct. 225, 41 L.Ed. 621; Caledonian Coal Co. v. Baker, 196 U.S. 432, 441, 25 S.Ct. 375, 49 L.Ed. 540; Richardson v. McChesney, 218 U.S. 487, 493, 31 S.Ct. 43, 54 L.Ed. 1121; LeCrone v. McAdoo, 253 U.S. 217, 219, 40 S.Ct. 510, 64 L. Ed. 869.

[5] State v. Prather, 84 Kan. 169, 112 P. 829, 36 L.R.A.,N.S., 1084; People v. Czaszewicz, 295 Ill. 11, 128 N.E. 739; Commonwealth v. Petrusefski, 338 Pa. 278, 12 A.2d 3; Otto v. Wren, Tex.Civ. App., 184 S.W. 350.