**HALL v. GORDON et al.**

**No. 3357 Original.**

United States Court of Appeals for the District of Columbia.

May 1, 1941.

James E. Holloman, of Washington, D. C., for petitioner.

Arthur J. Hilland, of Washington, D. C., for respondent James Howell Gordon.

Robert E. Lynch, of Washington, D. C., for respondent Union Storage & Transfer Co.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

PER CURIAM.

In the above-entitled cause a notice of appeal from the judgment entered in the District Court on June 4, 1940, was filed July 18, 1940, without prepayment of costs—the District Court having permitted appellant to prosecute her appeal in forma pauperis. Thereafter the District Court extended the time to docket the record on appeal for 90 days from the date of the notice of appeal.

On October 16, 1940, application was made to this court for a further extension and we have extended the time to December 16, 1940.

On December 16, 1940, appellant filed in this court a paper entitled "Petition for allowance of a special appeal and for extension of time to file record on general appeal." Appellant avers that in preparation of the record she attempted to use the narrative form of testimony as allowed by Rule 75(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; that, on appellee's objection thereto, the District Court on December 5, 1940, ordered appellant to file two copies of the reporter's transcript of testimony and directed that the transcript be substituted for the narrative statement of evidence. Appellant further avers that the stenographer's charge for preparing the two copies of the transcript will be $375.

The District Court, in allowing appellant to prosecute her appeal in forma pauperis, recognized that she was without funds, and yet later directed her to file two copies of the transcript which will cost $375. Being unable to comply therewith because of her poverty, she would be prevented from proceeding with her appeal. Prior to the adoption of the Rules of Civil Procedure a stenographic transcript of the testimony was neither required nor allowed. Instead, appellant in law cases submitted to the trial court for settlement a bill of exceptions in narrative form, and in equity cases submitted for approval a statement of the evidence in narrative form.

Rule 75(c) provides as follows: "(c) *Form of Testimony*. Testimony of wit-

.nesses designated for inclusion need not be in narrative form, but may be in question and answer form. A party may prepare and file with his designation a condensed statement in narrative form of all or part of the testimony, and any other party to the appeal, if dissatisfied with the narrative statement, may require testimony in question and answer form to be substituted for all or part thereof."

 In our view the Federal Rules of Civil Procedure governing the preparation of the record on appeal should be liberally construed so as to promote justice and relieve against undue hardship. The letter of the rule should be followed, except where undue hardship would result. In such cases the rules should be flexible rather than rigid. To apply the letter of Rule 75(c) in this case would of course defeat the appeal, and in our view this should not be permitted to happen if, without undue hardship to either party, it can be avoided.

 Rule 73(a) provides that after the notice of appeal is filed, "failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule [Rule 73] or, when no remedy is specified, for such action as the appellate court deems appropriate * * *."

The step which the appellant has "failed to take", and because of poverty is unable to take, is the filing of the stenographic transcript. The remedy for such failure is not "specified" in Rule 73. Therefore, the failure to take such step is ground "for such action" as this court "deems appropriate".

It is therefore ordered by this court that the narrative statement of evidence submitted by appellant be used in the preparation of the record, in lieu of the stenographic transcript; provided, however, that appellees be, and they are hereby, allowed 30 days within which to file objections or proposed amendments thereto, which amendments may be in either narrative or question and answer form. Thereafter the statement and any objections or amendments thereto shall be submitted to the trial judge for settlement and approval, and included by the clerk in the record on appeal.

The time for docketing the record in this court on the general appeal is hereby extended for 60 days from the date hereof.

It is further ordered that action on the petition for allowance of special appeal be, and it is hereby, postponed until the record on appeal from the judgment of June 4, 1940, is docketed, or pending further order of this court.