**MONTGOMERY v. VIRGINIA STAGE LINES, Inc.**

No. 10254.

United States Court of Appeals District of Columbia Circuit.

Decided Oct. 9, 1950.

———◆———

Robert H. McNeill and Thomas Bruce Fuller, Washington, D. C., for appellant.

Wilbert McInerney and Joseph S. McCarthy, Washington, D. C., for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

PER CURIAM.

On March 15, 1950, we allowed appellant, who had filed the necessary affidavit of poverty, etc., to prosecute her appeal in forma pauperis. We also directed "that the stenographic transcript of record be furnished, at the expense of the United States, for inclusion in the record on appeal, which shall be filed herein within 30 days of the date of this order." Appellant moves to amend the order by adding the words "It appearing to the Court that the appeal is not frivolous but presents a substantial question." The motion will be denied.

28 U.S.C.A. § 1915(b), 62 Stat. 955, provides that "In any civil or criminal case" the court may, upon the filing of an affidavit of poverty, etc., "direct that the expense of furnishing a stenographic transcript and printing the record on appeal, if such printing is required by the appellate court, be paid by the United States, and the same shall be paid when authorized by the Director of the Administrative Office of the United States Courts." No statement or certificate, in addition to the court's order, is required. The Director of the Administrative Office should therefore authorize payment in accordance with our order.

It is immaterial that the act creating the court reporter system provides that fees for transcripts furnished in appeals in forma pauperis shall be paid by the United States if a "judge certifies that the appeal is not frivolous but presents a substantial question". 62 Stat. 922, 28 U.S.C.A. § 753 (f). That section and section 1915(b), upon which our order rests, are not cumulative but alternative. Neither section refers to the other or contemplates compliance with the other. Compliance with § 753(f), which applies only where persons have been "permitted to appeal in forma pauperis", requires only a factual certificate of a single judge and does not require a court order. Compliance with § 1915(b), which applies "in any civil or criminal case" in which an affidavit of poverty, etc., has been filed, requires only a court order and does not require any factual certificate. Since § 1915

(b) applies whether or not a person has been permitted to appeal in forma pauperis, there are, where such permission has been granted, two alternative methods by which payment of fees by the United States may be obtained. It would be strange to require, in forma pauperis appeals, a certificate that is not required in other cases in which an affidavit of poverty is filed. Congress expressed no such intention.

The motion is therefore denied. The time within which the transcript may be filed is extended to 30 days from the present date.