193 F.2d 578
 ADAMOWSKI,
v.
BARD, Judge, United States District Court for the Eastern
District of Pennsylvania, et al.
JACKSON
v.
BARD, Judge, United States District Court for the Eastern
District of Pennsylvania et al.
GRAHAM
v.
HOMAN et al.
 Nos. 10499, 10500, and 10587.
 United States Court of Appeals Third Circuit.
 Argued Nov. 19, 1951.
Filed Jan. 9, 1952.
Writ of Certiorari Denied March 24, 1952.
 
 Herman Moskowitz, Philadelphia, Pa., for petitioners Adamowski, Jackson, and appellant Graham.
 Mark D. Alspach, Philadelphia, Pa., for Hon. Guy K. Bard.
 Thomas E. Byrne, Jr., Philadelphia, Pa., for Blumberg, Rodebaugh, Homan and Bosta.
 Before BIGGS, Chief Judge, and McLAUGHLIN and HASTIE, Circuit Judges.
 BIGGS, Chief Judge.
 
 
 1
 The answer to a single question presented by the three suits at bar, two original proceedings in mandamus and an appeal from the court below denying relief in the nature of mandamus,[1] disposes of all three cases. The allegations of the Adamowski petition, No. 10,499 are typical.
 
 
 2
 Adamowski, a seaman employed in the United States Merchant Marine, sued Gulf Oil Corporation in the United States District Court for the Eastern District of Pennsylvania (C.A. No. 9,386) to recover damages, wages, and maintenance and cure because of injuries and disability allegedly sustained by him as a seaman in Gulf's services. The suit resulted in two verdicts in favor of Adamowski. As to the Jones Act verdict, 46 U.S.C. § 688, Gulf moved for judgment n.o.v. The court below granted the motion and entered judgment for Gulf. D.C., 93 F.Supp. 115. Adamowski thereupon appealed to this court at our No. 10,332.
 
 
 3
 Thereafter Adamowski wrote Blumberg, one of the official court reporters of the Eastern District of Pennsylvania,[2] requesting Blumberg to furnish him with a transcript of the stenographic record made at the trial of this case without prepayment of fees or costs or furnishing security therefor.[3] Blumberg refused to furnish the transcript. On November 7, 1950 we had dismissed an appeal taken by Watlack against North Atlantic and Gulf Steamship Co., Inc., on the ground that the order was not an appealable one. 28 U.S.C. §§ 1291 and 1292.[4] Watlack had appealed from an order of the court below denying his motion which asked that an official reporter furnish him with the stenographic transcript of the record in his case. The circumstances were substantially similar to those presented by Adamowski's petition. Properly deeming the dismissal of Watlack's appeal to rule the case at bar, Adamowski then petitioned this court for a writ of mandamus directed to Judge Bard to require him to enter an order in Adamowski's case to compel the reporter to furnish the stenographic transcript. Adamowski also seeks a writ directed to the court reporter to require him to furnish the transcript. Answers were filed and the case has been fully briefed and argued.
 
 
 4
 Title 28 U.S.C. § 1916 provides: 'In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor.' It is conceded by the respondents that Adamowski is a seaman and that his suit in the court below falls within the purview of Section 1916 as to the prepayment of all fees or court costs save only transcript fees. The question for our determination is not whether the seaman must prepay all other fees and costs but whether an official reporter must furnish him with a transcript of the proceedings at the trial of his cause without prepayment of costs or furnishing security.
 
 
 5
 Adamowski relies on the principle enunciated in Bainbridge v. Merchants & Miners Transp. Co., 287 U.S. 278, 282, 53 S.Ct. 159, 77 L.Ed. 302, that since seamen are wards of the admiralty and Congress has dealt with them as a favored class, all statutes enacted for their benefit must be liberally construed, and that since a seaman is entitled to 'institute' and 'prosecute' his suit and his appeal without prepayment of costs, Congress intended the services and facilities of every court officer to be afforded him for the prosecution of litigation of the sort with which we are here concerned without prepayment or giving security. Adamowski urges that since Congress in 1944 by the Court Reporter Act, 58 Stat. 5, now incorporated in part in Sec. 753, Title 28, U.S.C., made court reporters officers of the district courts, it was the congressional intention that court reporters should be in the same position and status as the clerk of court who must render to seamen the services of his office without prepayment of costs. He points out that reporters' fees for transcripts are listed as 'costs' which may be taxed pursuant to 28 U.S.C. § 1920, that the word 'costs' cannot have different meanings in the same statute and that since seamen are exempted from the prepayment of 'costs' or giving security therefor by 28 U.S.C. § 1916, the conclusion is inevitable that reporters' fees for transcripts are costs within the meaning not only of Section 1920 but also of Section 1916.[5][6] Adamowski says that as a ward of the admiralty he is entitled to a generous interpretation of the statutes favoring seamen and that these require him to be furnished transcripts by the official reporter without prepayment of costs or giving security.
 
 
 6
 But that portion of the Court Reporter Act now embodied in Section 753(f) of Title 28, U.S.C. provides that each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference of the United States;[7] that fees for transcripts to persons allowed to sue or appeal in forma pauperis should be paid by the United States out of money appropriated for that purpose,[8] and that 'the reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.[9] '
 
 
 7
 The respondents point out that Section 753(f) describes the duties imposed on official court reporters. The reporter is authorized to make charges for transcripts and these charges he lawfully pockets as his own. Specifically the statute provides that he is under no duty to furnish transcript without prepayment of costs or the furnishing of security to any party litigant save the United States.
 
 
 8
 It appears therefore that we are surrounded on the face of the Act by a wall of logic and that the drafters of the Judicial Code, probably inadvertently, have incorporated into one Act provisions which are almost, if not entirely, irreconcilable. We must break through the wall of logic at its weakest point and we therefore fall back on the rule of statutory construction that a specific statutory provision may not be negatived by imposing upon it inferences or even statements from more general legislative declarations even if found in the same act. See N.L.R.B. v. Jones & Laughlin Steel Corporation, 301 U.S. 1, 30, 57 S.Ct. 615, 81 L.Ed. 893, and the authorities there cited. We conclude that if reporters' fees for transcripts had been deemed by Congress to be covered by Section 1916, it would not have enacted that phrase of Section 753(f) we have italicized. If we adopt Adamowski's position the provision last referred to would become meaningless. Such a result is to be avoided if possible. Cf. United States v. Katz, 271 U.S. 354, 362, 46 S.Ct. 513, 70 L.Ed. 986. We conclude for the reasons stated that the language of Section 753(f) must prevail and that seamen, like all other litigants save the United States must prepay transcript fees or give security therefor.
 
 
 9
 Moreover legislative history throws some light on the problem which confronts us and fortifies our conclusion. The provisions now included in Section 1916, Title 28, U.S.C. originated in the Act of June 12, 1917, 40 Stat. 157, and were reenacted by the Act of July 1, 1918, 40 Stat. 683. Those of Section 1920 relating to the taxation of all fees as costs including those of the court reporter for transcript, are based on Section 983 of the Revised Statutes and Section 1(e) of the Court Reporter Act of January 20, 1944, c. 3, 58 Stat. 7. The fees of the court reporter, apart from court rule, were first authorized to be taxed as costs by the Court Reporter Act. Cf. Miller v. United States, 317 U.S. 192, 197, 63 S.Ct. 187, 87 L.Ed. 179. If we compare the status of transcript charges just before and just after the passage of the Court Reporter Act we think the picture will become clearer.
 
 
 10
 On January 19, 1944, just prior to the enactment of the Court Reporter Act, charges for transcript made by court reporters were the subject of private agreement between the parties, as Mr. Justice Roberts pointed out in Miller v. United States, supra. These charges were not ordinarily taxable. On January 20, 1944, when the Court Reporter Act became law, fees for transcript prepared by official court reporters became everywhere taxable as costs for the first time. But the Court Reporter Act, by subsection (c), also provided that a court reporter could require prepayment of his fees or security therefor from any party to a litigation save the United States. The very statute which made reporters' fees taxable as costs also provided that prepayment could be required of every party to a litigation, except the United States, but not excepting seamen. The provisions of the Acts to which we have referred were incorporated in Title 28, U.S.C. without material change. It is horn book law that existing statutory provisions incorporated into a codification without change must be deemed to retain their original meaning. It can be argued of course that the enactment which comprises Title 28 is more than a mere codification and that it is also a revision by the express terms of the Act of its creation. See Preamble to the Act of June 25, 1948, c. 646, 62 Stat. 869. But the Reviser's Notes, 28 U.S.C. dealing with the respective sections here involved show that there was no intent on the part of Congress to effect any change of meaning of the words of the sections which we are discussing. The Notes are authoritative in interpreting Title 28. See United States v. National City Lines, 337 U.S. 78, 81, 69 S.Ct. 955, 93 L.Ed. 1226. We conclude, therefore, that we are justified in presently giving to the sections the meanings which their predecessors had on January 20, 1944.
 
 
 11
 The rules to show cause as to why writs of mandamus should not issue at our Nos. 10,499 and 10,500 will be discharged and the petitions denied. The order of the District Court appealed from at our No. 10,587 will be affirmed.
 
 
 
 [1]
 Adamowski v. Bard, our No. 10,499, and Jackson v. Bard, our No. 10,500, are original proceedings in this court brought under the All Writs section of the Judicial Code, Section 1651, Title 28, U.S.C. Graham v. Homan, our No. 10,587, Civil Action No. 12,490 in the court below, also based on the All Writs section constitutes the appeal
 
 
 [2]
 See 28 U.S.C. § 753
 
 
 [3]
 See 28 U.S.C. § 1916
 
 
 [4]
 There was no opinion but the order stated the gound of the dismissal. See the order entered in Watlack's case, our No. 10,258
 
 
 [5]
 Adamowski cites three decisions of the Court of Appeals for the Ninth Circuit: Oswald v. United States, 1938, 96 F.2d 10; United States v. Metzger, 1943, 133 F.2d 82; and United States v. Oswald, 1945, 141 F.2d 921. Oswald was an official court reporter of the United States District Court for the Territory of Hawaii. His office was provided by statute, 31 Stat. 158. The question in the cited cases was whether a court reporter must furnish a transcript to an assistant attorney general of the United States without payment of added compensation as provided by rule of court. None of these cases, insofar as appears from the reports, dealt with the rights of seamen
 
 
 [6]
 Transcript fees are taxed as part of the judgment against the losing party
 
 
 [7]
 The Judicial Conference of the United States has repeatedly approved fees for transcripts. See The Reports of the Chief Justices of the United States of the Proceedings of the Judicial Conference, September Session 1944, September Session 1945, October Session 1946, September Session 1947, September Session 1948, September Session 1951
 
 
 [8]
 This particular portion of Section 753(f) is not applicable in the instant cases for the seamen do not seek to prosecute the suits or the appeal by paupers' affidavits or in forma pauperis but by virtue of the status accorded them by Section 1916, Title 28, U.S.C
 
 
 [9]
 See also the whole of Section 753, including in particular the provisions of subsections (b), (c) and (d)(2)