William SMITH t/a W. Smith Tire Company

v.

FIRESTONE TIRE AND RUBBER COMPANY.

Civ. A. No. 31878.

United States District Court
E. D. Pennsylvania.

July 7, 1966.

Bernard I. Shovlin, Philadelphia, Pa., for plaintiff.

Harrison G. Kildare, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER SUR MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

JOHN W. LORD, Jr., District Judge.

Plaintiff, William Smith, t/a W. Smith Tire Company, now asks this Court for the following special relief:

(a) to authorize plaintiff to file Notice of Appeal to the Court of Appeals for the Third Circuit herein without prepayment of fees or costs or security therefor; and to

(b) direct that the expense of printing the record on appeal be paid by the United States.

In support of his motion, plaintiff states that he is unable to pay such costs or give security therefor and is unable to pay the expense of printing the record on appeal. In a supporting affidavit he explains that the intended appeal is from this Court's denial, on June 13, 1966, of plaintiff's motion for new trial on the issue of damages only, following judgment entered April 1, 1966. Recited also are facts as to plaintiff's financial difficulties as brought out on examination before this Court on May 5, 1966.

The occasion of the last-mentioned testimony was plaintiff's motion for leave not to order transcript for the purposes of argument on his motion for new trial. Setting forth his financial circumstances, difficulties, and debts—he asked to be relieved of the requirement of Rule 31 of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, which requires a party who files a post-trial motion to order a transcript of the trial notes of testimony within ten days or suffer dismissal of such motion.

This Court concluded, in the exercise of its discretion, that for the particular purpose then at hand the plaintiff had shown good cause for relief from the local rule in question. One especial reason was that the evidence adduced at the trial was fresh in the trial judge's mind; other reasons which induced that result were set forth in the memorandum filed by the Court. By the said memorandum and order of May 18, 1966, accordingly, the plaintiff's motion for leave not to order transcript was granted. Pursuant to notice which had been stated in the same order, the Court thereafter heard argument on plaintiff's Motion for New Trial and Defendant's Motion for Judgment N.O.V. on June 8, 1966. On June 13, 1966, plaintiff's Motion for New Trial was denied, as also was defendant's Motion for Judgment Notwithstanding the Verdict.

The only statutes which have been cited as authority for allowance of proceedings in forma pauperis are certain parts of sections 753 and 1915 of Title 28 U.S.C.A. As will appear, however, Rule 75(m), Fed.R.Civ.P. is necessarily involved.

Title 28 U.S.C.A. § 753(f) as amended in 1965 says in pertinent part:

" * * * Fees for transcripts furnished in other [i. e. other than § 2255 for post-conviction attack on criminal sentences] proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question) * * *."

In pertinent part, Section 1915 of 28 U.S.C.A. as amended in 1951 provides:

"§ 1915(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. * * *

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

"(b) In any civil or criminal case the court may, upon the filing of a like affidavit, direct that the expense of printing the record on appeal, if such printing is required by the appellate

court, be paid by the United States, and the same shall be paid when authorized by the Director of the Administrative Office of the United States Courts."

### (1) JURISDICTION

 The right to appear in forma pauperis is wholly statutory, Johnson v. Hunter, 144 F.2d 565 (10th Cir. 1944); cases collected 7 Moore Fed.Pr. 3674, n. 1 (2d ed. 1955). All the cases interpreting the relevant statutes and rules agree that such allowance or denial rests in the discretion of the court. But no case has been disclosed in which forma pauperis appeal has been allowed in a contract action of the present sort. It is believed that it was never intended that the privilege be so used. Thus it is considered that for a trial court to grant such relief would be an abuse of discretion, which is to say that such action goes entirely beyond the proper exercise of the powers of a trial court, and is therefore not within its jurisdiction. The extraordinary relief requested is at least a matter for appellate rather than trial court jurisdiction.

### (2) UNLIKELIHOOD OF SUCCESS ON APPEAL

██ In the alternative, if the allowance of this appeal in forma pauperis, and the printing of the record at government expense, despite all the special circumstances of this case are nevertheless matters within the jurisdiction and power of this Court, such relief will nevertheless be denied. Title 28 U.S.C.A. § 1915(a) bars appeal if the trial court certifies in writing that it is not taken in good faith. Title 28 U.S.C.A. § 753(f) has a comparable provision but refers only to the cost of transcript. Both sections are deemed relevant—since if there is to be an appeal there must necessarily be a transcript of part or all of the proceedings during the 17 day trial. Section 753 requires a judicial certificate "that the appeal is not frivolous (but presents a substantial question). * * *" To choose between the pejoratives "not in good faith"; "frivolous"—and the quite opposite characterization: "presents a substantial question", would be to make an artificial and inaccurate choice.

It seems more reasonable, in the present instance, to say that the court has analyzed the points asserted on appeal, as well as the asserted hardships, in the light of the nature of the case—and in the exercise of discretion has determined that the appeal should not be allowed in forma pauperis. Influencing that decision, but not controlling it, is the opinion of this Court that the plaintiff is not likely to succeed on appeal. 28 U.S.C.A. § 753(f). As was said in Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965):

> "To proceed *in forma pauperis* is a privilege not a right. Clough v. Hunter, 191 F.2d 516, (10th Cir. 1951). It is the duty of the District Court to examine any application for leave to proceed *in forma pauperis* to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed *in forma pauperis*. Tate v. People, et al., 187 F.2d 98 (9th Cir. 1951); Huffman v. Smith, 172 F.2d 129 (9th Cir. 1949); Meek v. City of Sacramento, 132 F.Supp. 546 (N.D.Cal.1955).

> "The granting or refusing of permission to proceed *in forma pauperis* is a matter committed to the sound discretion of the district court. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963). * * *"

The case cited, and the citations contained in the quoted passages are for the most part prisoners' cases. For that matter, it would be unlikely if not impossible to find a case like the present where the plaintiff, in a civil action for damages for breach of warranty, seeks to appeal in forma pauperis without benefit of transcribed notes of testimony. This circumstance underscores the fourth ground, inappropriateness, to be discussed below—but is mentioned here in passing.

On the present point, lack of likelihood of success on appeal, the Court makes the following finding. The plaintiff's claim as to loss of prospective profits on future business, loss of customers, and other consequential damages is vague, indefinite, unconnected, and uncertain. Further, such claim for damages for loss of prospective profits on future business is a matter which was not within the contemplation of the parties at the time of the sales in question; and is too remote and speculative, and not supported by the testimony. Keystone Diesel Engine Co., Inc. v. Irwin, 411 Pa. 222, 191 A.2d 376 (1963); Harry Rubin & Sons, Inc. v. Consolidated Pipe Company of America, Inc., 396 Pa. 506, 513, 153 A.2d 472 (1959); Armstrong Rubber Co. v. Griffith, 43 F.2d 689, 691 (2nd Cir. 1930); Michelin Tire Co. v. Schulz, 295 Pa. 140, 144, 145 A. 67 (1929).

### (3) THE REQUIREMENT OF INDIGENCY

■ Plaintiff's testimony at the examination before this Court on May 5, 1966, disclosed *inter alia* the fact that he is represented by two attorneys who paid all bills and costs to May 5, 1966. Such items include fees to an accountant as well as fees and expenses for an expert witness on rubber who spent several days in court and came to Philadelphia on several occasions from New Hampshire.

The fact that those expenditures have been made in no way supports the motion to proceed in forma pauperis. To the contrary, it raises the inference that the hardship is less that of plaintiff than of counsel.

This case is one which was tried by this Court over a period of 17 trial days. It is one with which the Court is intimately familiar in its many aspects. And the totality of circumstances require the Court to find that plaintiff is not indigent for the purposes of this suit.

### (4) INAPPROPRIATENESS OF THE RELIEF SOUGHT

It has already been mentioned parenthetically, in section 2 above, that the desired relief is unprecedented. In that earlier connection, the cases mentioned were prisoners' Civil Rights proceedings or petitions for post-conviction remedies, which cases have no similarity with the circumstances of this suit or the nature of the plaintiff's claim.

Some if not all of the cases which have been cited by plaintiff are subject to the same comment. Ortiz v. Greyhound Corp., 192 F.Supp. 903 (D.Md.1959); Adamowski v. Bard, 193 F.2d 578 (3rd Cir. 1952), cert. den. 343 U.S. 906, 72 S.Ct. 634, 96 L.Ed. 1324 (1952); Montgomery v. Virginia Stage Lines, 87 U.S. App.D.C. 327, 184 F.2d 1000 (1950); Hall v. Gordon, 74 App.D.C. 24, 119 F.2d 463 (1941).

It is proper to mention at this point that the foregoing cases were argued on the motion to proceed in forma pauperis without transcript of the notes of testimony—the motion which was allowed by this Court's order of May 18, 1966. Involved there, however, was the present question of leave to proceed in forma pauperis. And inseparably involved here, it would seem, is the question emphasized in that earlier motion. That is to say: although the present motion makes no reference to a transcript of the notes of testimony, the motion requests a "direction that the expense of printing the record on appeal be paid by the United States."

Implicit in that request is the suggestion that there be some record to print, which is not the fact at present. It is true that certain leeway as to economies in the preparation of the record on appeal is suggested in Rule 75(m) Fed.R. Civ.P.; see also 7 Moore Fed.Pr. ¶ 75.21, pg. 3674 (2d ed. 1955). That question is scarcely reached in the view which this Court takes of the matter.

The four cases cited above may be distinguished as follows. In the first place, not one of them has any relation to the present civil action for money damages in a contract action.

The first was a passenger's action for damages against a carrier in which the late Judge Chesnut with some hesitancy

decided that a substantial question on appeal was present, and authorized the preparation of a transcript at government expense. Ortiz v. Greyhound Corp., 192 F.Supp. 903 (D.Md.1959). His remarks at page 906 should be noted:

"* * * considerable care should be exercised by the trial judge in certifying as to the existence of a substantial question on appeal in a civil case of this nature which presents no very unusual situation or new principle of law to be applied to the facts. * * *" (id., 192 F.Supp. 906.)

In Adamowski v. Bard, 193 F.2d 578 (3rd Cir. 1952), cert. den. 343 U.S. 906, 72 S.Ct. 634, 96 L.Ed. 1324 (1952), the Court of Appeals for the Third Circuit sustained the refusal of the late Judge Bard to order the court stenographer to furnish the trial transcript without charge to a seaman who had brought suit under 28 U.S.C.A. § 1916 without prepayment of costs. By statute the seaman's action was *in forma pauperis* but the statute (28 U.S.C.A. § 1916)—the Court held—did not override the limitations inherent in the Court Reporter Act.

The third, like the *Ortiz* case above, is a bus passenger's action to recover damages for injuries allegedly caused by the carrier's fault. Montgomery v. Virginia Stage Lines, 87 U.S.App.D.C. 327, 184 F.2d 1000 (1950); reversed on other grounds 89 U.S.App.D.C. 213, 191 F.2d 770 (1951). It has two distinct points of difference from the matter at hand, however. First, the appeal in forma pauperis was allowed by the appellate court rather than the trial court. Second, the discussion therein largely concerned a certain part of 28 U.S.C.A. § 1915(b) which was deleted by Act of Congress October 31, 1951.

The fourth is Hall v. Gordon, 74 App. D.C. 24, 119 F.2d 463 (1941). It throws little illumination on the present question, since there is no indication of the substance of the appeal. All that is clear is that the Court of Appeals for the District of Columbia granted appellant an extension of time to file the record on appeal and indicated that it would also grant to the appellant certain relief as to the preparation of the record.

The circumstance last-mentioned is pertinent here. It seems to this Court that when any departure is to be made from the requirements of the rules as to the manner and form of presentation of a case to the Court of Appeals, it is for the appellate court, rather than the trial court, to grant any appropriate relief by way of alleviation of hardship.

At any rate, nothing is clearer than the rule that whatever powers this Court may have as to forma pauperis appeals are purely statutory. Weller v. Dickson, 314 F.2d 598, 604 (9th Cir. 1963); Johnson v. Hunter, 144 F.2d 565 (10th Cir. 1944); 7 Moore Fed.Pr. 3674 (2d ed. 1955); 28 U.S.C.A. § 753(f); § 1915(a), (b); Rule 75(m), Fed.R. Civ.P. And this Court has seen nothing, in cases cited by counsel or those discovered by independent research, which in any way suggests that Congress intended that the Government of the United States of America should shoulder the costs of private commercial litigation like the present case.

The motions, as they are stated, will be denied. And in the alternative, treated as a petition for certificate of probable cause, will also be denied.

And now, this 7th day of July, A.D. 1966, the plaintiff's motion for leave to appeal without prepayment of costs or security is denied; plaintiff's motion for order directing that the expense of printing the record on appeal be paid by the United States is denied; and plaintiff's motion for certificate of probable cause is denied;

And it is so ordered.