Charles L. ROBERTS, Jr., Plaintiff,

v.

**I-T-E CIRCUIT BREAKER COMPANY,**
now known as I-T-E Imperial Corporation, a Delaware corporation, Defendant.

No. 4–69 Civ. 166.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 31, 1970.

James Malcolm Williams, Minneapolis, Minn., for plaintiff.

G. Alan Cunningham, Faegre & Benson, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

Plaintiff has moved the court for an order permitting him to perfect an appeal in forma pauperis and requiring that he be furnished at government expense a transcript of the trial proceedings, pursuant to 28 U.S.C. § 1915. The action is one for breach of an alleged employment contract and was tried and submitted to a jury which returned a verdict for the defendant. The trial consumed five days.

Plaintiff had been employed for approximately ten years at the Minneapolis office of the defendant, most of the time as district manager. His earnings in the last several years of his employment through 1968 averaged between $15,000 and $23,000 annually.

Plaintiff has now filed a notice of appeal from the court's order of July 2, 1970 denying him a new trial. In the court's opinion plaintiff had a full and fair trial. In a memorandum attached to that order the court cited three Minnesota cases, an Eighth Circuit decision and a Federal District Court decision which the court believes expound the controlling law. In his present affidavit plaintiff alleges "the points raised in plaintiff's motion for a new trial herein are very important not only to this plaintiff but also to the rights of non-union employees the country over and does involve fundamental law relative to the rights of contract." In effect, plaintiff hopes by his appeal, or on a second trial if on appeal a new trial is granted, to upset and reverse the present decisions affecting employment contracts, though he asserts also that the court committed errors in the trial other than merely misapplying or failing properly to interpret

and apply the applicable Minnesota and Eighth Circuit decisions.

Counsel estimates that the cost of the transcript of the five-day trial will exceed $1,000 and that the cost of printing if required will be in addition thereto.

■ The request is an unusual one. Rarely does the court have addressed to it a petition to proceed in forma pauperis in a breach of contract action. Numerous such applications of course have been presented in prisoner cases involving habeas corpus and related matters. Plaintiff is in effect asking the United States of America to underwrite the cost of an appeal in an attempt to establish a right of recovery and overturn existing decisions. The court does not believe that the Federal government should stand this expense.

It is recognized that civil litigation is an expense to litigants and that many times "resort to the highest court in the land" is neither feasible nor possible. Plaintiff has presented an affidavit asserting that he has had no employment since September of 1969; that his wife is employed and she pays what household expenses she can from her $315 per month earnings; that the approximate value of his home is $40,000 against which are liens of $27,500, and that he has some additional $12,000 of debts.

■ It seems to the court that in passing on the question of poverty to determine forma pauperis entitlement, the court should consider an applicant's earning capacity and ability, even though at the moment applicant may not be employed and thus may have no current earnings. There is something incongruous in an application by one who has earned as much as did plaintiff during his last five years of employment and who claims now he is unable to earn anything. There is no showing in the present application as to plaintiff's efforts to obtain employment, in Minnesota or elsewhere, and it might seem that if his services are as valuable as he contended at the trial, he had ought to be able to find substantial employment here or elsewhere, whether in his same or a different field. His earning ability and capacity in the court's opinion should be sufficient to enable him, if he is sincere in his belief, to garner sufficient earnings to finance the cost of his appeal. The court appreciates the sincerity of plaintiff's counsel, but believes, as set forth in the attached order, that plaintiff's motion should be denied for the reasons hereinabove. See Evensky v. Wright, 45 F.R.D. 506 (N.D. Miss.1968); Smith v. Firestone Tire & Rubber Co., 255 F.Supp. 905 (E.D.Pa. 1966).