UNITED STATES of America, Plaintiff,

v.

Thomas C. ERICKSON and Aneta J. Erickson, Defendants.

No. CR–79–184–D.

United States District Court, W. D. Oklahoma.

Aug. 5, 1980.

Larry D. Patton, U. S. Atty. by William S. Price and Susie Pritchett, Asst. U. S. Attys., Oklahoma City, Okl., for plaintiff.

Clyde R. Maxwell and Morgan C. Taylor, Newport Beach, Cal., for defendants.

ORDER

DAUGHERTY, Chief Judge.

Following their jury convictions in this case, the Defendants Thomas C. Erickson and Aneta J. Erickson filed herein their Motion For Leave To Appeal In Forma Pauperis. Each Defendant filed an Affidavit To Accompany Motion For Leave To Appeal In Forma Pauperis. The Motion was also supported by Exhibit A setting out the issues to be presented on appeal and by a declaration of Clyde R. Maxwell indicating that he had been paid $30,500.00 by Defendants for his representation of them herein as their attorney and that a printer engaged by him has not been paid the sum of $3,783.11 which is owing him for work performed in this case on behalf of Defendants.

In view of considerable financial information regarding the Defendants revealed at the trial herein and at a subsequent bail hearing regarding Defendant Thomas C. Erickson and after reading the subject Motion and supporting affidavits, the Court was concerned with whether the Defendants are in fact indigent and unable to defray the expense of an appeal herein to the Court of Appeals for this Circuit. In this situation the Court elected to set the Motion for an evidentiary hearing to inquire into relevant matters regarding the Motion under consideration. *See Dreyer v. Jalet*, 349 F.Supp. 452, 459 (S.D.Tex.1972), *aff'd*, 479 F.2d 1044 (Fifth Cir. 1973) (per curiam); *Roberts v. I–T–E Circuit Breaker Co.*, 316 F.Supp. 133 (D.Minn.1970); *United States v. Pellegrini*, 201 F.Supp. 65 (D.Mass. 1962).

At the evidentiary hearing conducted on July 29, 1980, the government was present by Mr. William S. Price, Assistant United States Attorney, and both Defendants were present in person and with an attorney of record, Mr. Morgan C. Taylor.

The evidence presented at the hearing as supplemented in part by information before the Court from the trial and bail hearing disclosed that in the past five years the Defendants have had an approximate annual income as follows:

| | |
|---|---|
| 1976 | $ 20,000.00 |
| 1977 | 40,000.00 |
| 1978 | 90,000.00 |
| 1979 | 130,000.00 |
| 1980 (To Date) | 118,000.00 |
| Total | $398,000.00 |

The evidence indicated the following approximate expense disbursements by Defendants for said years:

1976 — No evidence except the Defendants had some rental and labor expense in their tax return business.

1977 — Same as above.

1978 — Same as above.

1979
| | |
|---|---|
| Labor – | $41,000.00 |
| Supplies – | 10,000.00 |
| Rent – | 600.00 |
| Attorney Fee – Bloodworth | 10,000.00 |
| Attorney Fee – Maxwell | 2,500.00 |
| Total | $64,100.00 |

1980
| | |
|---|---|
| Labor – | $38,000.00 |
| Supplies – | 10,000.00 |
| Rent – | 2,100.00 |
| Attorney Fee – Maxwell | 28,000.00 |
| Total | $78,100.00 |

There is no evidence as to the Defendants' personal living expenses during the years involved, but the Court recalls evidence of their living in a trailer and with relatives which leads the Court to the opinion that Defendants' living expenses through the five years above mentioned were not costly. There was no evidence of business expenses regarding Defendants' used car business, water bed sales business and any other business activities that Defendants may have engaged in during the above mentioned period of five years. The evidence indicated that on June 3, 1980 the Defendants received $20,000.00 from a bank loan which was secured by the assignment of a mortgage Defendants had given the father of Defendant Thomas C. Erickson on two acres of land owned by the Defendants. The evidence also revealed that on June 5, 1980 the Defendant Thomas C. Erickson was arrested by the Anadarko, Oklahoma city police, at which time he had approximately $15,000.00 in cash on his person. Defendant Thomas C. Erickson testified that this $15,000.00 came from his tax return business. He also testified that $22,000.00 of the above $35,000.00 was paid to attorney Maxwell on his fee herein. Defendant Thomas C. Erickson could give no explanation as to the status of the remaining $13,000.00.

The evidence reveals that Defendants possess the following assets of the following estimated valuation which appear to be obligated or not as indicated:

1. Two acres of land. Defendants paid $40,000.00 for this land. By their affidavits Defendants state the value of this land to be $80,000.00. This land is mortgaged to the father of Defendant Thomas C. Erickson in the amount of $80,000.00, but the father testified herein he had only lent the Defendants $18,000.00 when the mortgage was given. $25,000.00 borrowed by Defendants to help buy this land has been repaid by Defendants. This mortgage to the father of Defendant Thomas C. Erickson is now assigned to a bank for the above mentioned $20,000.00 loan. If Defendants' valuation is true they have a $42,000.00 equity in this land as the liens of the father of Defendant Thomas C. Erickson and the bank would be satisfied with the payment of $38,000.00.

2. Six motor vehicles. Two are 1979 model Lincoln Mark V's. Stated to be worth $18,000.00 in Defendants' affidavits. No lien filed of record though Defendants' affidavits claim father of Defendant Thomas C. Erickson has an $18,000.00 lien on the cars. The father testified he had no money in the cars. Probable value of the six cars is the amount Defendants have stated in their affidavits.

3. Computer. Cost, $23,000.00. Has been paid for. No lien. Now worth a minimum of $6,000.00 and probably worth much more than this.

4. Copier. Paid $6,800.00 for same in 1979. No lien. Should be worth substantially what was paid for same.

5. Trailer and office furniture. Said by Defendants' affidavits to be worth $550.00.

An analysis of the foregoing indicates that in the past five years the Defendants have had a total income from business activities of approximately $400,000.00; that though there is no evidence as to business expenses for the years 1976 through 1978, their business expenses for 1979, including $12,500.00 paid in attorney's fees, approximate $64,000.00 versus an income of $130,-000.00, and for 1980, including $28,000.00 in attorney's fees, approximates $78,000.00 against an income of $118,000.00 for seven months of the year 1980; that Defendants own two acres of land which they value as high as $120,000.00 (according to the testimony of Defendant Thomas C. Erickson); that this land appears to be obligated for $18,000.00 received by Defendants from the father of Defendant Thomas C. Erickson and $20,000.00 recently received from a bank. Further analysis indicates that liens claimed by Defendants to be against their property are not in a correct amount as to the two acres of land and do not exist against the six cars; that Defendants failed to list in their assets a $23,000.00 computer and a $6,800.00 copier; that much cash is not accounted for by Defendants including $13,000.00 on hand as recent as last month. The Court is convinced that the Defendants have not fully accounted for their income and assets and have conducted themselves in a manner to falsely show by lien the amount owed the father of Defendant Thomas C. Erickson.

The cost of the transcript of the trial record herein according to the court reporter is estimated to be $4,500.00. The legal fees for a three-weeks trial herein and several appeals to the Court of Appeals and the United States Supreme Court and a bail hearing have amounted to around $34,-000.00. Legal fees for the appeal now desired by Defendants to the Court of Appeals should not require near the above outlay.

The Court concludes that the Defendants do not qualify as indigents to support their Motion and have their appeal costs herein borne by the United States Government; that Defendants probably have secluded cash to defray this expense; that in any event Defendants have assets which may be converted to cash to defray this expense.

Accordingly, Defendants' Motion For Leave To Appeal In Forma Pauperis should be denied.

It is so ordered this 5th day of August, 1980.