**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DONALD GEE,

      Plaintiff-Appellant,

v.

RONALD G. RUETTGERS, in his
individual capacity; DUANE
SHILLINGER, in his individual
capacity,

      Defendants-Appellees.

No. 95-8081
(D.C. No. 93-CV-152)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, an inmate of the Wyoming Department of Corrections, filed a civil rights complaint in district court alleging that defendants had interfered with his outgoing mail and had punished him for making unflattering comments about certain prison guards. After the close of testimony in the ensuing jury trial, the district court directed a verdict in favor of plaintiff. The jury, however, returned a verdict of only $1.00 in damages against each defendant. Plaintiff filed a notice of appeal from this verdict. He also filed motions in the district court requesting a court-ordered trial transcript and for leave to appeal in forma pauperis (IFP). The district court denied both motions.

Plaintiff renews his request to proceed IFP on appeal in this court and also reiterates his motion for a court-ordered transcript. We deny both requests.

Any court of the United States is authorized to allow a litigant to proceed on appeal without prepayment of fees when the litigant submits an affidavit stating, *inter alia*, that he or she is unable to pay filing fees or give security therefor. See 28 U.S.C. § 1915(a)(1)(1994).[1] While the purpose of the IFP

---

[1] Section 1915 was significantly amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996). The amendments to § 1915, however, do not apply to this case because plaintiff filed his notice of appeal before April 26, 1996, the date President Clinton signed the Act into law. See White v. Gregory, 87 F.3d 429, 430 (10th Cir.), cert. denied, 117 S. Ct. 528 (1996).

privilege is to ensure that persons are not barred from court access because of indigency, see Neitzke v. Williams, 490 U.S. 319, 324 (1989),

> Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

Id. In order to fulfill its responsibility to prevent abuse, a court "may go beyond the mere statement of income and inquire into additional relevant matters including the applicant's earning capacity and ability." Dreyer v. Jalet, 349 F. Supp. 452, 459 (S.D. Tex. 1972). Such inquiry is especially appropriate when "the totality of the circumstances involved are weighed against the applicant's statement of poverty, and the result suggests incongruity." Id.; see also United States v. Erickson, 506 F. Supp. 90, 91-92 (W.D. Okla. 1980) (examining defendants' personal finances and determining that they did not qualify as indigents).

In the financial declaration accompanying his IFP motion to this court, plaintiff stated that he earns $40.00 per month from his regular prison employment and an additional $37.00 per month from a prison hobby. As of the date of the affidavit, plaintiff's prison account stood at minus 23 cents. There is further uncontroverted evidence in the record, however, in the form of an

affidavit and supporting documentation from the Director of the Wyoming Department of Corrections, that plaintiff's prison account in 1995 saw activity totalling over $900.00 and that plaintiff "maintains a low balance in his inmate account, by sending fairly substantial amounts to his family." Affidavit in Support of Motion to Strike Petition for Injunction Directing Warden James Ferguson to Provide Photocopying Services to Appellant at 3. Further, the affiant states that, unlike some other penal institutions, the Wyoming State Penitentiary provides all the necessities of life to prisoners, including necessary hygiene items. See id. at 2-3. In light of this evidence, we determine plaintiff's allegation of poverty to be untrue and, therefore, deny him permission to proceed on appeal in forma pauperis.

Because plaintiff will not be permitted to proceed IFP, he is not entitled to a free court-ordered transcript. See 28 U.S.C. § 753(f) (limiting benefit to "persons permitted to proceed in forma pauperis"). Further, even if plaintiff had been allowed IFP status, he would need to obtain certification by the trial judge or a circuit judge "that the appeal is not frivolous (but presents a substantial question)." Id. Plaintiff's original motion for certification of appeal has already been denied by this court. See Gee v. Ruettgers, No. 95-8081, Order (10th Cir. Mar. 20, 1996).

Plaintiff's motion for leave to proceed on appeal without prepayment of costs or fees is DENIED. This appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

James E. Barrett
Senior Circuit Judge