United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30116
Summary Calendar
_____

MCCOLLOM BEASLEY,

Plaintiff-Appellant,

versus

U.S. WELDING SERVICE, INC., ET AL.,

Defendants,

HORIZON OFFSHORE, INC.; HORIZON VESSELS, INC.,

Defendant-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(02-CV-2567-L)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant McCollum Beasley appeals the judgment of

the district court dismissing his claims against Horizon Offshore,

Inc. and Horizon Vessels, Inc. (collectively, "Horizon"). Finding

no error, we AFFIRM.

Beasley first contends that the district court abused its

discretion in excluding the testimony of his liability expert,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jerry East, and, alternatively, in denying his motion for a continuance after Beasley failed to provide his expert report to opposing counsel by the court-ordered deadline. Under the four-factor test of Barrett v. Atlantic Richfield Co., 95 F.3d 375 (5th Cir. 1996), we find no abuse of discretion. Beasley offers no reasonable explanation for failing to provide the expert report timely or to seek an extension before the deadline had passed. Allowing the witness to testify would have caused prejudice and disrupted the trial proceedings, see Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990); a continuance would not have deterred the dilatory behavior, see id. at 792; and the expert's report reveals that his testimony would have had little or no effect on the district court's factual and credibility determinations.

In his second point of error, Beasley asserts that the district court abused its discretion in taking judicial notice of the laws of physics without affording him an opportunity to be heard. Rule 201 of the Federal Rules of Evidence affords a party the opportunity to be heard on timely request. FED. R. EVID. 201(e). Beasley made no such request, although he could have done so after the district court entered its findings of fact and conclusions of law by way of a post-trial motion following the court's entry of final judgment. See FED. R. EVID. 201(e). As Bailey failed to challenge the taking of judicial notice in the district court, he did not preserve the issue. See MacMillan

2

Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).
Our review is limited, therefore, to the plain error standard. See
HCI Chemicals (USA), Inc. v. Henkel KGaA, 966 F.2d 1018, 1021 (5th
Cir. 1992). Even absent the reference to the laws of physics, the
record amply supports the district court's conclusions. We find no
error, plain or otherwise.

Finally, Beasley contends that the district court erred in
requiring him to prepay the court reporter's fees for trial
transcripts. Beasley relies on 28 U.S.C. § 1916, which exempts
seamen from prepayment of costs and fees associated with the
prosecution of suits and appeals. We are guided by our decision in
Araya v. McClelland, 525 F.2d 1194 (5th Cir. 1976), in which we
held that a seaman was not exempt from prepayment of marshal's fees
as the seaman's exemption was enacted prior to the marshal's fee
statute. Id. at 1196-97. The later-enacted statute controlled the
resolution of the conflict.

The first statute allowing court reporters to require
prepayment of transcript costs was enacted in 1944, well after 1916
when Congress first exempted seaman from the prepayment of costs.
See id. at 1196 n.3; Adamowski v. Bard, 193 F.2d 578, 581 (3d Cir.
1952). Pursuant to our analysis in Araya, we hold that the later-
enacted statute controls and that Beasley was thus not exempted
from prepayment of the transcript fees.

For the foregoing reasons, the judgment of the district court
is

3

AFFIRMED.